404 So.2d 210 (1981)
STATE of Louisiana
v.
Dock SMITH.
No. 80-KA-2557.
Supreme Court of Louisiana.
September 8, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., William J. Knight, Abbott J. Reeves, Herbert R. Alexander, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Wendell E. Tanner, Slidell, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Dock Smith, pled guilty to carnal knowledge of a juvenile in violation of LSA-R.S. 14:80.[1] He was sentenced to *211 four years at hard labor. On appeal, Smith contends the sentence is excessive; the sentencing guidelines of LSA-C.Cr.P. art. 894.1 were not followed; and the trial court erred in not allowing him to show mitigating factors.

FACTS
On June 15, 1979, Dock Smith, then twenty years of age, had sexual intercourse with Amy W., then aged twelve, while escorting Amy to her home.
The trial court ordered a pre-sentence investigation report and reviewed the report before the sentencing. No evidence or argument was adduced on behalf of Smith at the sentencing hearing.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that his four year sentence is excessive and the trial court failed to properly apply the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The trial court noted the circumstances of the offense and took cognizance of the defendant's clean record and steady employment history. Several of the sentencing guidelines of LSA-C.Cr.P. art. 894.1 B[2] were considered. The trial court noted that the defendant's conduct had caused harm to the victim. She had an abortion, as well as mental and emotional difficulties. The trial judge stated that he was unable to determine whether there was provocation or inducement by the victim. Attacks by Smith's family on the victim's character and truthfulness could not be verified. It was noted that the victim could not be compensated for this crime. In light of the type of crime committed, the other factors under LSA-C.Cr.P. art. 894.1 B were found inapplicable. The trial judge stated that a lesser sentence would deprecate the seriousness of the crime and said he had been informed defendant's attitude "is not the best".
Defendant asserts that the trial court erroneously failed to consider certain significant factors of LSA-C.Cr.P. art. 894.1 B. The trial court did take notice of defendant's clean record [paragraph (7)]. The court did not indicate whether Smith's bad attitude made it likely he would commit another crime [paragraph (9)]. The trial court did not state for the record his consideration of the following relevant factors:
"(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
"(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;

*212 "(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
"(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents."[3]
The defendant asserts that each of these considerations weighed in his favor and that the sentence imposed is excessive.[4]
The excessiveness of a sentence is a question of law reviewable by this court under its appellate jurisdiction. State v. Guiden, 399 So.2d 194 (La., 1981); State v. LaFleur, 391 So.2d 445 (La., 1980); State v. Sepulvado, 367 So.2d 762 (La., 1979). Sepulvado established that the trial court should state specific reasons for a sentence in order that it may be adequately reviewed. The trial judge is not required to articulate every mitigating and aggravating circumstance presented in LSA-C.Cr.P. art. 894.1. However, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the individual defendant. State v. Guiden, supra; State v. Franks, 373 So.2d 1307 (La., 1979).
A sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime or amounts to the needless imposition of pain and suffering. State v. Goode, 380 So.2d 1361 (La., 1980); State v. Bonanno, 384 So.2d 355 (La., 1980). The sentence here does not appear excessive on its face.
State v. Sepulvado, supra, which dealt with review of a sentence for carnal knowledge of a juvenile, noted the following:
"... [A] penitentiary sentence of the maximum five years might easily be justified for a mature man who had seduced a frightened and confused twelve-year-old girl, under circumstances falling just short of rape, and who had exhibited similar behavior in the past but showed little hope of reformation. Yet such a penalty might be excessive if applied to a love-struck teenager, of otherwise unblemished character and record, who commits the offense in the course of a teenage romance.[5]
In light of the parties' relative ages and the traumatic effect upon the victim, a four year sentence is not excessive.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Smith contends that the trial court erred in failing to allow defendant the opportunity to show mitigating factors before sentence was imposed.
The sentencing proceeding was brief. Neither the defendant nor his counsel said anything. No objection was made to the sentence. Defense counsel did not request that he or the defendant be allowed to present evidence of mitigating factors. In the absence of any request by defendant or his counsel, the trial judge's failure to afford such an opportunity is not error.
This assignment of error lacks merit.
For the foregoing reasons, the sentence is affirmed.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
Although the Code of Criminal Procedure has not expressly recognized the defendant's "right of allocutus", I disagree that the burden is on the defendant to interrupt the judge during sentencing in order to assert his right to present evidence or argument.[1] Rather, fundamental fairness dictates that the trial judge, prior to imposing the sentence and articulating the reasons therefor, afford defendant an opportunity *213 to present evidence or argument relevant to the sentence, particularly when (as in this case) the trial judge contemplates basing the sentence on a presentence investigation report which the defendant has not otherwise had an opportunity to rebut.[2] See Fed.R.Cr.P. 32(a); Rule 613, Uniform Rules of Criminal Procedure. Only by doing so can the trial court insure a fully-informed exercise of sentencing discretion.
I would vacate the sentence and remand for a proper and complete sentencing hearing.
NOTES
[*] Judges Frederick Stephen Ellis, Morris A. Lottinger, Jr., and Elven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Justices Calogero, Dennis, Watson and Lemmon.
[1] LSA-R.S. 14:80 provides:

"Carnal knowledge of a juvenile is committed when:
"(1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons; or
"(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
"Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
"Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years."
[2] LSA-C.Cr.P. art. 894.1 B provides:

"B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
"(1) The defendant's criminal conduct neither caused nor threatened serious harm;
"(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
"(3) The defendant acted under strong provocation;
"(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
"(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
"(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
"(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
"(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
"(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
"(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
"(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents."
[3] LSA-C.Cr.P. art. 894.1.
[4] Under LSA-R.S. 14:80 the maximum possible sentence is ten years with or without hard labor.
[5] State v. Sepulvado, 367 So.2d at 767.
[1] For an interesting discussion of the legislative history of the right to speak before sentence see C.Cr.P. Art. 871, Comment (c). The present statutes must be construed in light of our constitutional duty to review the trial court's exercise of sentencing discretion.
[2] See, for example, the illustrative sentencing colloquy in the Louisiana Judge's Benchbook, Criminal Proceedings, Imposition of Sentence, Louisiana Judicial College, 1980.

Ideally, in serious cases in which a severe sentence may be imposed, the trial court should order a presentence investigation and should afford defense counsel (as well as the defendant himself) an opportunity to supply information to the probation officer preparing the report. See C.Cr.P. Art. 875. Again ideally, the trial court should thereafter furnish defense counsel the information contained in the report or afford him an opportunity to review the report (with the exception of those portions reflecting sources of confidential information), thereby assuring accuracy and the inclusion of information as to favorable or mitigating factors that defendant claims will aid the court in determining sentence. C.Cr.P. Art. 877. This review should, of course, be permitted at a time before the trial court decides what the proper sentence should be.
Because the trial court's sentencing function is highly discretionary, it is very important that defense counsel be afforded an opportunity and invited to submit favorable information before the judge makes up his mind regarding the correct sentence. This may not be required by the Code, but is certainly not prohibited, and such a procedure may be necessary if this court is to perform adequately the constitutionally mandated function of reviewing the exercise of discretion in sentencing.
As long as the trial court does not consider inappropriate factors and affords an opportunity to submit favorable material, as well as to respond to or rebut unfavorable material, this court should affirm a sentence, except in a most unusual and extreme case. Because this wide deference is due to the trial court's exercise of sentencing discretion, that sentence must be arrived at by a procedure which affords to the defendant a fair opportunity to present his case. See Justice Calogero's excellent discussion of the need for a sentencing hearing in State v. Telsee, 388 So.2d 747 (La., 1980).