431 So.2d 120 (1983)
STATE of Louisiana, Appellee,
v.
Ray Allen DUHON, Appellant.
No. CR 82-626.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*121 Lester A. Robertson, Carla Chrisco, Lake Charles, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., and Charles Richard, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, CUTRER and DOUCET, JJ.
FORET, Judge.
Defendant, Ray Allen Duhon, pleaded guilty to one count of carnal knowledge of a juvenile (LSA-R.S. 14:80), and one count of indecent behavior with a juvenile (LSA-R.S. 14:81). The guilty pleas were accepted by the court and a pre-sentence investigation ordered. On August 16, 1982, the Honorable Henry L. Yelverton, of the Fourteenth Judicial District Court, sentenced the defendant to four years on each count, with the sentences to run concurrently.

ASSIGNMENTS OF ERROR
(1) The trial court erred in imposing an excessive sentence in violation of LSA-Const. Art. 1, § 20; and
(2) The trial court erred in failing to follow and apply the sentencing guidelines provided by LSA-C.Cr.P. Article 894.1.

FACTS
The facts of this case are primarily gleaned from the pre-sentence investigation report. The report indicates that the defendant is presently twenty-six years old, married, and father of two small children and step-father of three children, two of whom are the victims. The record indicates that the defendant is regularly employed and has no prior convictions. Defendant admits that he began having sexual encounters with his two step-daughters, ages fourteen and eleven, in 1981. Charges were formally brought against defendant when the fourteen-year-old became pregnant.

ARGUMENTS ON ASSIGNMENTS OF ERROR
Defendant objects to the sentence imposed on him as being excessive. He argues *122 that such a sentence violates the rights guaranteed to him by LSA-Const. Art. 1, § 20.
It is settled that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against being subjected to excessive punishment, State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Washington, 414 So.2d 313 (La.1982), when a sentence is so excessive or so disproportionate to the severity of the crime as to "shock the sense of justice". State v. Bonanno, 384 So.2d 355 (La.1980); State v. Lathers, 414 So.2d 678 (La.1982).
The penal provision of LSA-R.S. 14:80 provides:
"Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years."
The penal provision of LSA-R.S. 14:81 provides:
"Whoever commits the crime of indecent behavior with juveniles shall be fined not more than $5,000, or imprisoned, with or without hard labor for not more than five years, or both."
LSA-C.Cr.P. Article 894.1 states that, where a defendant has been convicted of a felony or a misdemeanor, the court should impose a sentence of imprisonment if one or more of the following conditions are met:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or,
(3) A lesser sentence will depreciate the seriousness of defendant's crime.
It is further provided that the "court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence".
The purpose of LSA-C.Cr.P. Article 894.1 is to provide the trial court with standards so that it may individualize the sentence to fit the particular defendant, considering his background and the offense he committed. While the trial court need not articulate every aggravating and mitigating circumstance, the record must reflect that it has adequately considered these guidelines in particularizing the sentence to defendant. State v. Duncan, 420 So.2d 1105 (La.1982).
At the sentencing hearing, the trial judge expressly referred to the guidelines of LSA-C.Cr.P. Art. 894.1, and also defendant's explanation of the incidents. He emphasized that the evidence indicated that there were numerous acts of sexual misconduct between defendant and his two step-children. The trial court stated that it had received and considered letters which indicated that defendant was remorseful and in need of mental help, and noted the fact that defendant had been prescribed excessive amounts of a potent central nervous system stimulant known as Desoxyn 15 mg. (Methamphetamine HCL), by his physician, at the time he committed the crimes in question.
Acknowledging the joint recommendation of three years on each count by the State and defense counsel, the trial judge felt that a greater sentence was needed due to the seriousness of the crime. While he did not enumerate each of the statutory guidelines, he did adequately explain in the record his reasons for imposing the sentence.
Where the record, as in the instant case, clearly shows an adequate factual basis for the sentence imposed, it cannot be said that remand is necessary, even where there has not been full compliance with LSA-C.Cr.P. Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
In an analogous case, State v. Smith, 404 So.2d 210 (La.1981), a twenty-year-old had sexual intercourse with a twelve-year-old. The court found that a four-year sentence was not excessive and cited the following *123 language found in Sepulvado, on page 767, to justify the sentence:[1]
"For instance, a penitentiary sentence of the maximum five years might easily be justified for a mature man who had seduced a frightened and confused twelve-year-old girl, under circumstances falling just short of rape, and who had exhibited similar behavior in the past but showed little hope of reformation. Yet such a penalty might be excessive if applied to a love-struck teenager, of otherwise unblemished character and record, who commits the offense in the course of a teenage romance."
In the case sub judice, the trial court incorporated this same judicial philosophy when it stated that:
"You have violated some of the basically held values of society. Children should be safe from sexual exploitation by adults."
In light of the parties' relative ages, we find that the sentences imposed on defendant were not an abuse of the trial court's discretion nor were they grossly disproportionate in light of the circumstances of these particular offenses and the offender. We further find that the trial court adequately complied with the provisions of LSA-C.Cr.P. Article 894.1.

DECREE
For the above and foregoing reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Under LSA-R.S. 14:80 (1950), the maximum sentence was five years.