436 So.2d 631 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Bennie C. BREWER, Defendant-Appellant.
No. CR82-619.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
Writ Denied October 7, 1983.
J. Michael Small, Kathrine S. Williamson, Small, Small, Williamson & Brocato, Alexandria, for defendant-appellant.
Speedy O. Long, Dist. Atty., Dan B. Cornett and Norris Dale Jackson, Asst. Dist. Attys., Jena, for plaintiff-appellee.
Before FORET, CUTRER and LABORDE, JJ.
CUTRER, Judge.
Defendant, Bennie C. Brewer, was charged by separate bills of information with two counts of distribution of marijuana.[1] The State chose to nolle prosequi one of the counts, and defendant pled guilty to the other. A presentence investigation report was prepared and submitted to the *632 trial court which subsequently sentenced defendant to a term of imprisonment of six years at hard labor and a $3,500.00 fine plus court costs. However, the execution of defendant's sentence was ordered to be "deferred subject to his recuperation from surgery."
Upon this appeal, defendant raises only one assignment of error, which alleges that the trial court erred in imposing an excessive sentence in violation of LSA-Const. art. 1 § 20.

FACTS
In early 1981, the LaSalle Parish Sheriff's Department initiated an investigation into reported illegal drug activity. One of the targeted locations in the parish was Brewer's Grocery, owned by defendant. Two Alexandria police officers were enlisted as undercover agents, and they subsequently made illegal drug purchases at the store from "Bingo" Brewer, who is defendant's son, and from Annie Lewis, who was living with defendant at the time of the offenses.[2] Defendant had initially advised the officers that his son, Bingo, could supply their drug needs. On April 23, 1981, defendant sold to one of the agents a small bag of marijuana for $45.00. At the same time, defendant gave the other agent a hand-rolled marijuana cigarette. Each of these transactions resulted in a separate bill of information charging that defendant unlawfully distributed marijuana, but the State chose to nolle prosequi the second count, involving the cigarette, and defendant pleaded guilty to distribution of marijuana on the first count.
Defendant alleges that his sentence of six years at hard labor and a fine of $3,500.00 plus court costs is unconstitutionally excessive.
ASSIGNMENT OF ERROR
In contending that this sentence was constitutionally infirm, defendant relies upon the Louisiana Supreme Court's decision in State v. Sepulvado, 367 So.2d 762 (La.1979), which interpreted Article I § 20 of the 1974 Louisiana Constitution as allowing for appellate review for excessiveness of sentences imposed within the statutory limits.[3] As an aid to the trial court in its function of imposing sentence and to the appellate court in reviewing sentences for excessiveness, there exists LSA-C.Cr.P. art. 894.1. State v. Douglas, 389 So.2d 1263 (La.1980). That article lists certain mitigating circumstances which, while not controlling the trial judge's discretion, are to be considered in imposing sentence.
Defendant does not allege that the sentencing judge failed to consider art. 894.1.[4] Rather, he has chosen to cite other appellate cases and their respective sentences for the proposition that his sentence was excessive.
When we find that the sentencing guidelines have been adequately considered, our standard of review is stated as follows:

"[a] sentence will not be set aside as excessive absent manifest abuse of the trial judge's sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, supra. The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980)."

State v. Smack, 425 So.2d 737, 740 (La. 1983).
We do not find that six years at hard labor and a $3,500.00 fine for the *633 crime of distribution of marijuana under the instant facts shocks our sense of justice.
Under the offense to which defendant pled guilty, he was subjected to both a possible ten year term of imprisonment at hard labor and to a potential fine of $15,000.00. LSA-R.S. 40:967(B)(3). He was, therefore, sentenced to slightly over one-half of the available term of imprisonment and to approximately one-fourth of the fine he could have been required to pay. This being true, we need not determine that defendant was the worst possible offender and that his offense was the worst possible under the applicable statute. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Sepulvado, supra.
Defense counsel wishes us to primarily consider the defendant's lack of prior criminal conviction record[5] and the small amount of marijuana which he sold to the agent. The trial court was also aware of the small amount present during the illegal transaction to which defendant pleaded guilty. However, we note that, in individualizing the sentence to the offender, he correctly considered the overall scope of defendant's actions and that the single sale to the undercover agent did not represent his only drug activity. State v. Lanclos, 419 So.2d 475 (La.1982). We have been referred to several cases involving small amounts of controlled dangerous substances, wherein the Supreme Court has remanded for resentencing due to excessiveness.[6] We observe that comparison between the defendant's punishment and that meted to other offenders of similar offenses is a factor to consider when reviewing sentences for excessiveness. State v. Telsee, supra. In comparing those other offenders and their punishments, we discover significantly distinguishing facts to support the trial court's imposition of a six year term of imprisonment. We also note the Supreme Court's affirmance of two concurrent six year terms for distribution of marijuana in State v. Trahan, 412 So.2d 1294 (La.1982). That defendant was a first time offender in a factual scenario somewhat similar to the one at hand.
The trial court in the case sub judice gave the following written reasons in support of the sentence imposed:
(1) Defendant had no prior criminal conviction record and was 47 years of age;
(2) Defendant was unmarried (but allegedly was planning to remarry his former wife of 23 years) and not supporting anyone;
(3) Defendant was unemployed and likely to continue in his drug dealings in order to support himself;
(4) Defendant's store had been used as a center for drug distribution, which defendant had both encouraged and profited from;
(5) Defendant had been responsible for his son's and Annie Lewis' drug involvement, and defendant was an "active, cleverly disguised, commercial drug pusher;"
(6) Defendant admitted that he had used marijuana, cocaine and speed, and the medical evidence presented by defendant indicates that he was a chronic alcoholic;
(7) There was no justification for defendant's acts, and defendant's poor health was caused by his abuse of alcohol and would probably lead to his returning to the use and distribution of drugs;
(8) Defendant's criminal influence had rendered irreparable harm to both his son and Lewis; and
(9) Defendant would be eligible for parole in two years. LSA-R.S. 15:574.4(A).
In consideration of defendant's health problems, the trial court suspended execution of the sentence subject to defendant's recuperation from scheduled major surgery. The lower court further opined that the controlled environment of incarceration *634 would ensure the diet and abstention from alcohol and illicit drugs, which defendant required, and that this would best prevent defendant's return to illegal drug activity. These considerations convince us that defendant will not be subjected to "the purposeless and needless imposition of pain and suffering...." State v. Telsee, supra; State v. Sims, 410 So.2d 1082 (La.1982).
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] At the time of the offense charged, marijuana was classified as a Schedule II controlled dangerous substance, and distribution of marijuana was properly punishable under LSA-R.S. 40:967(A)(1).
[2] Bingo was charged with distribution of marijuana and sentenced to 42 months at hard labor. Lewis' appeal is presently pending before this court (CR82-618), but she was sentenced to three concurrent terms of six years at hard labor after having pled guilty to two charges of distribution of marijuana and methamphetamine and one charge of possession with intent to distribute marijuana.
[3] This interpretation of our Constitution has not gone unchallenged. See: State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983) (Judge Domengeaux, concurring).
[4] Indeed, we observe that the trial court did adequately comply with the guidelines of art. 894.1, and the record sufficiently reveals his sentencing criteria.
[5] The presentence investigation report reveals that defendant had been arrested several times for illegal possession of firearms, but never prosecuted on those arrests.
[6] State v. Grey, 408 So.2d 1239 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Forshee, 395 So.2d 742 (La.1981).