KNOLL, Judge.
The defendant, Gary Spurgeon, pleaded guilty to one count of theft of property having a value in excess of $100 but less than $500 in violation of LSA-R.S. 14:67 and one count of possession of marijuana in violation of LSA-R.S. 40:966(C) and (D)(1). The trial judge sentenced the defendant to serve one year without hard labor for the theft and six months without hard labor on the possession, the two sentences to run concurrently.
On appeal are three assignments of error: (1) the trial judge erred in accepting the defendant’s guilty plea to the charge of theft in that there was no factual basis for the entry and acceptance of the plea; (2) the sentence was excessive and (3), the trial judge did not comply with the sentencing guidelines, Article 894.1 of the Louisiana Code of Criminal Procedure.
FACTS
The defendant was a detective for the Yernon Parish Sheriff’s Office. He occasionally brought evidence to the State Regional Crime Laboratory in Lake Charles for testing. On his return from the crime lab on February 24, 1982, the defendant withheld approximately three pounds of marijuana from the Vernon Parish custodian of evidence. He stored the marijuana in the trunk of his unit with intentions of selling it. It is noted that the defendant’s possession of the marijuana was not in connection with any authorized police work.
ASSIGNMENT OF ERROR ONE
In this assignment the defendant is attempting to set aside his plea on the grounds that there was no factual basis for the entry and acceptance of his plea because marijuana, a contraband, cannot have value and cannot be owned, therefore the element of theft cannot be met. We observe that the defendant did not file any motions, object or reserve any assignments of error on this point. The defendant has raised this assignment for the first time after entering his plea and imposition of sentence.
Without going into a discussion of defendant’s argument, we dismiss this assignment as not being properly reserved. In State v. Spain, 329 So.2d 178 (La.1976), a case addressing these same issues, the defendant pleaded guilty to attempted simple burglary without making any objections at the time the plea was taken. On appeal he admitted the absence of objections but, nonetheless, asked for appellate review of his conviction and sentence. In holding that defendant’s plea of guilty constituted an intelligent waiver of appellate review of the merits of the prosecution’s case against him, Justice Tate stated:
“Under these circumstances, the appeal presents nothing for review except ‘patent’ errors, i.e., those discoverable by an inspection of the pleadings and proceedings and without inspection of the evidence. LA.C.Cr.P. arts. 841, 920. In reviewing appeals from pleas of guilty, our jurisprudence holds that the review is limited to jurisdictional defects which appear on the face of the pleadings and prodeedings. State v. Knighten, 320 So.2d 184 (La.1975); State v. Coats, 260 La. 64, 255 So.2d 75 (1971).”
See also State v. Crosby, 338 So.2d 584 (La.1976); and State v. Bourgeois, 406 So.2d 550 (La.1981).
ASSIGNMENTS OF ERROR TWO AND THREE
The defendant attacks his sentence as excessive and failing to comply with the sentencing guidelines of LSA-R.S. C.Cr.P. Art. 894.1.
Possession of marijuana carries a maximum of six months in the parish jail, a $500 fine, or both. The theft carries a maximum of two years with or without hard labor, a $1000 fine, or both. The defendant received six months and one year without *983 hard labor, respectively, to run concurrently. We find, as did the trial judge, that a probationary sentence would deprecate the seriousness of the defendant’s crime.
The trial judge ordered a pre-sentence investigation. This report showed that the defendant was thirty-two years of age, married, no record of any previous criminal activity and, he was considered to be a worthy and able law enforcement officer. The trial judge in considering a probationary sentence stated:

“The court is, however, of the opinion that such treatment would so deprecate the seriousness of this offense by a trusted officer as to make it not a reasonable or acceptable alternative.”

The defendant argues that if he had not been a law enforcement officer he would have been placed on probation. This may be correct but it is within the guidelines of Article 894.1 to do so. This article specifically provides:

“Article 894.1 Sentence guidelines; generally

A. When a defendant has been convicted of a felony or misdemeanor; the court should impose a sentence of imprisonment if:

* * * * * *

(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”

A trusted law enforcement officer’s involvement in criminal activity does enhance the seriousness of such acts.
We have reviewed the record carefully and find that the trial judge fully complied with the sentencing guidelines of C.Cr.P. Art. 894.1.
In State v. Brewer, 436 So.2d 631 a case before this court involving a like issue, this court stated:

“When we find that the sentencing guidelines have been adequately considered, our standard of review is stated as follows:

‘[a] sentence will not be set aside as excessive absent manifest abuse of the trial judge’s sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, supra [367 So.2d 762 (La.1979)]. The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).’

State v. Smack, 425 So.2d 737, 740 (La.1983).”

This same ruling is appropriate to the present case. We therefore find that the sentences are not excessive and the sentencing guidelines were fully met. These assignments of error are without merit.
DECREE
For the foregoing reasons the defendant’s convictions and sentences are affirmed.
AFFIRMED.