KNOLL, Judge.
The defendant, Melvin Gatson, was convicted of armed robbery, a violation of LSA-R.S. 14:64, and sentenced to serve thirty years at hard labor without benefit of parole, probation or suspension of sentence. He has appealed his sentence as being excessive and not in compliance with LSA-C.Cr.P. Art. 894.1.
FACTS
In the early evening of December 12, 1982, Mrs. Vestal Dunn parked her car at the P.D.Q. convenience store in Alexandria. She got out of her car, started to enter the store, changed her mind, and returned to her car. As Mrs. Dunn laid her purse on the seat beside her and placed the car keys into the ignition, the defendant jerked open the passenger door of her car and demanded that she hand over her purse. Mrs. Dunn instinctively placed her hand on her purse and told the defendant that it was empty. With threats that he would shoot her, the defendant pointed a gun at Mrs. Dunn and again demanded her purse. The defendant then shot Mrs. Dunn in the right leg, grabbed the purse and ran off. On December 16,1982 Mrs. Dunn identified the defendant as her assailant from a live lineup which included four other individuals of comparable weight, height, and age.
ASSIGNMENTS OF ERROR
The defendant contends that the trial judge failed to comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1, and that his sentence of thirty years is excessive.
The imposition of excessive punishment is prohibited by Louisiana Constitution Article I, section 20. Even though a sentence falls within the statutory limits it may be deemed unconstitutionally excessive. State v. Tompkins, 429 So.2d 1385 (La.1982); State v. Sepulvado, 367 So.2d 762 (La.1979). For a sentence to be excessive, the penalty must be so disporportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Campbell, 404 So.2d 1205 (La.1981).
Correlative with our authority to review individual sentences is the duty of the trial court to state for the record the reasons for his sentencing choice. LSA-C.Cr.P. Art. 894.1. These criteria are appropriate for determining whether a particular sentence is excessive. State v. Jacobs, 383 So.2d 342 (La.1980); State v. Forshee, 395 So.2d 742 (La.1981).
Melvin Gatson received thirty years for commission of an armed robbery. Just seven months prior to this offense, he had been convicted of felony theft. The trial court considered the fact that the defendant shot his victim with a pistol. This, coupled with the relatively brief time between defendant’s felony convictions, convinced the trial court that a lesser sentence would diminish the seriousness of the defendant’s crime. We find that the trial *843 court met the sentencing guidelines LSA-C.Cr.P. Art. 894.1. of
If there has been adequate compliance with LSA-C.Cr.P. Art. 894.1, a trial judge has wide discretion in the imposition of sentences within the statutory limit. State v. Trahan, 425 So.2d 1222 (La.1983). Absent manifest abuse of discretion we should not set aside sentences as excessive. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Brewer, 436 So.2d 631 (La.App. 3rd Cir.1983); State v. Smack, 425 So.2d 737 (La.1983).
Our review of the record convinces us that the defendant’s sentence was not excessive. His actions caused serious injuries to a defenseless person. Only luck prevented the victim’s injuries from being more severe. His propensity to commit felonies, two in less than one year, convinces us that the defendant is in need of correctional treatment in a custodial environment. We, therefore, conclude that under the particular facts of this case the defendant’s sentence of thirty years at hard labor without parole, probation or suspension is not constitutionally excessive.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.