447 So.2d 600 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Harry FREEMAN, Defendant-Appellant.
No. CR83-562.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*602 Donald L. Mayeux, Eunice, for defendant-appellant.
Richard Vidrine, and A. Bruce Rozas, Asst. Dist. Attys., Ville Platte, for plaintiff-appellee.
Before CUTRER, LABORDE and KNOLL, JJ.
CUTRER, Judge.
The defendant, Harry Freeman, was charged by bill of information with the crime of carnal knowledge of a juvenile, in violation of LSA-R.S. 14:80(1).[1] Waiving his right to a jury trial, the defendant was given a bench trial where he was found guilty as charged. Pursuant to that conviction, the defendant was sentenced to three years at hard labor.

FACTS
In the early evening of September 24, 1982, the defendant was alone at the residence in Ville Platte, which he shared with his girlfriend, Mellia Joseph, and her four children. One of those children, Sandra, a twelve-year-old girl, ran into the house to retrieve a football. According to Sandra, after she entered her bedroom, which was separated from the rest of the house by a curtain, the defendant came into the room, removed her clothes and had sex with her. Following the act, the defendant told Sandra not to tell anyone what had happened.
One of Sandra's brothers, Johnny (age 15), who had been waiting for Sandra to return with the football, went to their home to help her search for the ball. Upon finding the door locked and having received no answer to his knocks, Johnny forced the door open. Johnny testified that he saw the defendant "coming out of the bedroom with his shirt hanging out and his pants unzipped." According to Johnny, Sandra was putting her shorts back on when he saw her. Johnny then ran to tell his mother and grandmother what he had seen.
*603 The defendant's version of what transpired differed from Sandra's and her brother's. The defendant emphatically denied that he had ever engaged in sexual activity with Sandra. He testified that he was getting a drink of water in the kitchen (which apparently joined the bedroom in question) when Johnny came in and accused him of having sex with Sandra. The defendant stated that Sandra was changing her clothes in the bedroom at that time because she had gotten sweaty while playing outside.
A physician examined Sandra within approximately one hour of the incident. He testified that there was evidence of sperm in the vagina and that he "felt emphatically she had had sexual intercourse." There was no evidence that any force had been used. The rape kit performed upon Sandra also revealed the presence of sperm.
The defendant appeals his conviction and sentence on the basis of the following eleven assignments of error:
(1) The trial court erred in allowing Sandra's grandmother to testify that she had heard Sandra say that the defendant had raped her;
(2) The trial court erred in allowing the examining physician to testify as to what Sandra's mother told him had happened to her daughter;
(3) The trial court erred in not allowing the defendant to testify concerning Sandra's alleged prior sexual conduct with other men;
(4) The trial court erred in refusing to allow the defendant's brother, Davis Freeman, to testify regarding alleged prior sexual conduct between Sandra and other men;
(5) The trial court erred in not allowing the defendant's brother, Ankles Freeman, to testify that Sandra had told him that she did not have sex with the defendant;
(6) The trial court erred in refusing to allow Ankles to testify as to what Sandra said concerning her grandmother;
(7) The trial court erred in not allowing Ankles to testify concerning Sandra's sexual activities with others;
(8) The trial court erred in not allowing the defendant's brother, Dallas Freeman, to testify that Sandra told him that she did not have sex with the defendant;
(9) The trial court erred in finding the defendant guilty, as there was insufficient evidence to support a conviction of carnal knowledge of a juvenile;
(10) The trial court erred in refusing to order, at defendant's request, a presentence investigation; and
(11) The trial court erred in sentencing the defendant to three years at hard labor inasmuch as this sentence was too harsh, cruel and unusual punishment.

ASSIGNMENT OF ERROR NUMBER 1
The defendant alleges that the trial court erred in allowing into evidence certain hearsay testimony by Sandra's maternal grandmother, Lou Ella Charles. This testimony by Lou Ella Charles was that Sandra had told her that the defendant had raped her. Ms. Charles' testimony as to what Sandra had said was clearly hearsay, and hearsay testimony is generally inadmissible at trial. However, the admission of this testimony does not necessitate reversal in this case. As we have previously stated, Sandra Joseph testified as to the commission of the offense by the defendant. The defendant's counsel exercised his right to fully cross-examine Sandra. As we consider the testimony of Sandra, Johnny Joseph and the physician, the hearsay testimony of the grandmother was merely cumulative and corroborative. Accordingly, the defendant was not prejudiced by the hearsay testimony. Any error in its admission was harmless. State v. Davis, 445 So.2d 163 (La.App. 3rd Cir.1984).
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment the defendant alleges that the trial court erred by allowing the examining physician to testify, over defendant's objection, that Sandra's mother had told him "that a twelve (12) year old *604 young lady had been allegedly raped by a family member." Sandra's mother did not testify at trial, and defendant alleges that his right of cross-examination was abridged by the doctor's hearsay testimony.
In State v. Andrews, 369 So.2d 1049 (La. 1979), our Supreme Court stated the following:
"Although not admissible as evidence of the truth of the facts stated, a statement by a patient to a physician as to past matters, including past medical history, may be included in the physician's testimony to show the basis for his opinion....."
In the instant case, the statement was made by Sandra's mother. However, the trial judge stated that he did not consider the physician's testimony to be evidence, but merely a recitation of the history of the victim's case as provided to him. As this was a bench trial and as Sandra subsequently testified that the defendant did commit a sexual act with her, the defendant was not prejudiced by the doctor's corroborative testimony. This assignment has no merit.
ASSIGNMENTS OF ERROR NUMBERS 3, 4 AND 7
These three assignments address the trial court's refusal to allow the defendant and two of his brothers to testify regarding Sandra's prior sexual conduct with other men. We find that the trial court correctly disallowed testimony of this nature under the direct authority of LSA-R.S. 15:498, which states:
"Evidence of prior sexual conduct and reputation for chastity of a victim of rape or carnal knowledge shall not be admissible except for incidents arising out of the victim's relationship with the accused."
Only when the evidence "shielded" by this statute is particularly relevant to the defendant's guilt or innocence may the defendant's right to set forth a defense override the prohibitions in R.S. 15:498. See State v. Vaughn, ___ So.2d ___ (La.1983); State v. Dawson, 392 So.2d 445 (La.1980).
Defendant argues that the testimony offered by him was "particularly relevant in light of the fact that Dr. Aswell had testified that Sandra was not a virgin prior to the alleged incident." We disagree. Whether the victim had committed other sexual acts had no relevancy in this case. The crime of carnal knowledge with a juvenile involves a consensual act between an unmarried female at least twelve years of age but less than seventeen years of age and a male over seventeen years of age and there is an age difference of at least two years between the two persons. As we examine the elements of this offense, Sandra's sex relations, if any, with others would be totally irrelevant to the charge that the defendant had sex with Sandra.
Accordingly, the trial court correctly refused to allow evidence of Sandra's alleged prior sexual conduct. These assignments are without merit.
ASSIGNMENTS OF ERROR NUMBERS 5, 6 AND 8
By these assignments the defendant alleges that the trial court erred in refusing to allow Ankles and Dallas Freeman, defendant's brothers, to testify regarding statements purportedly made by Sandra to them. According to defense counsel, the Freemans would have testified that Sandra told them she did not have sex with the defendant. Additionally, Ankles allegedly would have testified that Sandra told him that her grandmother, Ms. Charles, forced her to file the charges against the defendant solely because she didn't like him.
It is apparent that the defense was attempting to impeach Sandra through the use of alleged prior inconsistent statements. Impeachment of a witness by the use of prior inconsistent statements is available only when the foundation requirements of R.S. 15:493 have been met.[2] *605 State v. Thibodeaux, 380 So.2d 59 (La. 1980).
In the instant case, Sandra had not been asked whether she had made the alleged statements to Ankles and Dallas. Therefore, the attempted impeachment, in the absence of an appropriate foundation was properly denied. These assignments have no merit.

ASSIGNMENT OF ERROR NUMBER 9
By this assignment defendant raised the sufficiency of the evidence upon which he was convicted. We are called upon to determine whether the evidence, when viewed in the light most favorable to the prosecution, was sufficient to have allowed a rational trier of fact to have concluded that all the elements of the crime had been proven beyond a reasonable doubt.
The elements of the crime of carnal knowledge of a juvenile in this situation are set forth in LSA-R.S. 14:80(1): (1) A male over the age of seventeen; (2) An unmarried female over twelve years and under seventeen years; (3) An age difference of greater than two years between the two; and (4) Consensual sexual intercourse. State v. Joseph, 425 So.2d 1261 (La.1983). The evidence clearly indicates that the State satisfactorily met its burden of proof as to all those elements. Sandra was not married and was more than twelve years of age; the defendant was twenty-nine years of age; and Sandra consented to the act with the defendant.
Defendant argues that his denials that he had sex with Sandra and her sometimes conflicting testimony precluded a finding that he had sex with her. The examining physician testified that Sandra had, on the day in question, had sex, although he could not determine her partner's identity or the exact time of the occurrence. The rape kit corroborated this finding. The evidence clearly shows that Sandra had sex with the defendant.
Johnny Joseph's testimony, coupled with Sandra's and the medical evidence clearly sustain a finding that the elements of the crime were proven beyond a reasonable doubt. For this reason, there is no merit to this assignment.

ASSIGNMENT OR ERROR NUMBER 10
The defendant alleges that reversible error occurred when the trial judge denied his request for a presentence investigation. Under LSA-C.Cr.P. art. 875 the decision to order a presentence investigation lies within the discretion of the trial court.[3] There is no requirement that an investigation be ordered. State v. Bell, 377 So.2d 275 (La.1979); State v. Cunningham, 431 So.2d 854 (La.App. 2nd Cir.1983). This assignment has no merit.

ASSIGNMENT OF ERROR NUMBER 11
The defendant was sentenced to a term of imprisonment of three years at hard labor. The maximum sentence for the commission of this crime is ten years at hard labor. By this assignment the defendant alleges that, as he had no prior criminal record, his sentence was cruel, unusual and too harsh.
A penalty is cruel and unusual when it is so severe as to be degrading to human dignity; when it imposes an arbitrary infliction of punishment and when it shocks contemporary notions of decency. State v. Guajardo, 428 So.2d 468 (La.1983). *606 None of these criteria exist under the instant facts.
Whether the sentence is excessive ("too harsh") is considered reviewable under LSA-Const. Art. 1, § 20, as interpreted by our Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979). The standard of review is whether the sentence is grossly out of proportion to the severity of the offense or merely the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La. 1980). We do not find that a three year sentence at hard labor was an abuse of the trial court's discretion under the instant facts.
The relative ages of the defendant and Sandra (29 and 12) tend to increase the severity of the crime at issue. State v. Sepulvado, supra, at 767. The crime of carnal knowledge involves consensual behavior. Therefore, the age disparity and the attendant circumstances become very relevant factors in imposing sentence. Considering these, we agree with the trial court's conclusion that a sentence of less than three years "would deprecate the seriousness of this crime." See State v. Smith, 404 So.2d 210 (La.1981). (A four year sentence for carnal knowledge was affirmed where the "first offender" was twenty years of age and the victim was twelve.); State v. Duhon, 431 So.2d 120 (La.App. 3rd Cir.1983). (Two concurrent four year sentences for carnal knowledge and indecent behavior with a juvenile were affirmed in a case involving a "first offender" stepfather, age twenty-six, and his stepdaughters, ages eleven and fourteen.) This assignment lacks merit.
For the aforementioned reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:80 provides:

"Carnal knowledge of a juvenile is committed when:
(1) A male over the age of seventeen has sexual intercourse with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons; or
* * * * * *
Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years."
[2] LSA-R.S. 14:493 provides:

"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible."
[3] LSA-C.Cr.P. art. 875 provides in pertinent part as follows:

"A. (1) If a defendant is convicted of an offense other than a capital offense, the court may order the Department of Corrections, division of probation and parole, to make a presentence investigation." (Emphasis supplied.)