GUIDRY, Judge.
Defendant, Lonzell Gardner, was charged by bill of information with distribution of phenmetrazine, in violation of La. R.S. 40:967. On May 11, 1982, a jury of twelve found defendant guilty as charged. On June 23, 1982, defendant was sentenced to five years at hard labor.
Defendant was granted an out of time appeal and perfected the following assignments of error:
1. Because of error patent on the face of the record, defendant’s conviction and sentence should be reversed.
2. The trial judge erred in imposing an excessive sentence not supported by the record and in failing to articulate the reasons for sentence.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant requests this court to inspect the pleadings and proceedings for any errors patent. Pursuant to our authority under La.C.Cr.P. Art. 920(2), we have done so and find no error patent on the face of the record.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant asserts that the sentence imposed was excessive and that the trial judge did not follow the sentencing guidelines of La.C.Cr.P. Art. 894.1.
Article 894.1 sets forth the guidelines which a trial judge must follow when imposing sentence. The requirements of Article 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory sentencing guidelines. State v. Rainwater, 448 So.2d 1387 (La.App.3rd Cir.1984); State v. McDermitt, 406 So.2d 195 (La.1981). Failure to comply with Article 894.1 does not automatically require that the sentence be set aside. Even if the trial judge does not adequately consider the guidelines of Article 894.1, where the sentence imposed is not apparently severe and is in the lower range of the sentencing scale, the appellate court need not remand for compliance with the article. State v. Rainwater, supra.
In the instant case, the record clearly reflects that the trial judge did not comply with Article 894.1. Aside from the trial judge’s comment at sentencing that defendant was not a “big pusher” and defendant’s admission that he had previously been convicted of distribution of marijuana, the record is absent of any other factors set forth in Article 894.1 which were taken into consideration by the trial judge in fixing this sentence.
The maximum term of imprisonment which could have been imposed in this case was ten years at hard labor; defendant was sentenced to five years at hard labor. See La.R.S. 40:967(B)(3).
Since the record reflects that the trial judge did not comply with Article 894.1 and the sentence imposed is not within the lower range of the sentencing scale, the sentence is vacated and the case is remanded for resentencing. We cannot review defendant’s sentence for excessiveness because of the trial judge’s failure to comply with Article 894.1. In order for an appellate court to fulfill its responsibility in reviewing a sentence for excessiveness, sufficient compliance with the sentencing guidelines of Article 894.1 by the trial judge is necessary. State v. Bias, 461 So.2d 500 (La.App. 3rd Cir.1984).
Accordingly, defendant’s conviction is affirmed. The sentence is vacated and the case is remanded for resentencing in accordance with law.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.