J. BRUCE NACCARI, Judge Pro Tem.
This is an appeal from a sentence that the defendant contends is excessive. We affirm. On November 3, 1983, a St. John Parish Grand Jury returned an indictment charging Gene Piazza with four (4) counts of Indecent Behavior with Juveniles, in violation of LSA R.S. 14:81. The defendant was arraigned on December 12, 1983, and represented by retained counsel, pled not guilty to the charges. On January 25, 1984, the defendant’s Motion for Discovery was marked satisfied. The indictment was amended on March 19, 1984, to charge an additional count of indecent behavior with juveniles; the defendant was arraigned on the charge, pleading not guilty.
Trial commenced on July 23, 1984, and a jury of six plus two alternates were impaneled. On July 25,1984, the jury returned a unanimous verdict of guilty on all five counts. Following the verdict, the trial judge ordered a presentence investigation.
On September 5, 1984 the defendant was sentenced to four years at hard labor on each of the five counts. The sentences were ordered served consecutively for a total of twenty years at hard labor, with credit for time served.
The defendant appealed the conviction and sentences. A panel of this Court affirmed the defendant’s convictions but vacated the sentences and remanded the matters for resentencing in compliance with *1230 LSA C.Cr.P. art. 894.1. See State v. Piazza, 478 So.2d 1318 (La.App. 5th Cir.1985).
On January 23, 1986 the trial court articulated in writing its reasons for its sentences, and re-imposed the original sentences. The defendant now appeals; by brief he argues that the sentences are excessive, in violation of LSA-Const. Art. 1, Sect. 20.
The facts of this case have been set out previously by this court in State v. Piazza, 478 So.2d 1318 (La.App. 5th Cir.1985).
Article 1, Section 20 of the Louisiana Constitution of 1974 states in pertinent part that “no law shall subject any person ... to cruel, excessive, or unusual punishment ...” A sentence is excessive if it is grossly out of proportion to the severity of the crime or it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Howard, 414 So.2d 1210 (La.1982); State v. Smith, 407 So.2d 652 (La.1981); State v. Allen, 451 So.2d 618 (La.App. 5th Cir.1984).
The penal sanction for each violation of La.R.S. 14:81 is a term of imprisonment not to exceed five years with or without hard labor and/or a fine of not more than five thousand dollars. Accordingly, the term of imprisonment imposed upon the defendant is within the statutory range. Nevertheless, in State v. Sepulvado, 359 So.2d 137, (La.1978), same case, 367 So.2d 762, 767 (La.1979), the court expressly stated that “the imposition of a sentence although within the statutory limits may violate a defendant’s constitutional right against excessive punishment that is enforceable ... on appellate review of his conviction.” Thus, a sentence may be reviewed for ex-cessiveness though it is within the prescribed statutory range. State v. Nealy, 450 So.2d 634 (La.1984); State v. Smith, 433 So.2d 688 (La.1983); State v. Guajardo, 428 So.2d 468 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). See also State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985) writ denied 468 So.2d 1204 (La.1985).
The goal of the legislature in providing a range of punishment for each offense and statutory guidelines for the selection and imposition of sentence is “to tailor the individual sentence imposed on the particular defendant to the particular circumstances of the case.” State v. Telsee, supra. The result which obtains is that the maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class State v. Telsee, supra.
Helpful in determining whether a particular defendant falls into the category of the “most egregious and blameworthy of offenders” are the trial judge’s articulated reasons for sentencing given in compliance with C.Cr.P. art. 894.1. State v. Telsee, supra.
In the present case, the trial court initially failed to satisfactorily articulate its reasons for its sentences, but upon remand, the court placed in the record a six page written statement of reasons for imposing the sentences. In its reasons, the court indicated it considered both the aggravating and mitigating circumstances. Accordingly, there is a showing of compliance with art. 894.1.
When the trial judge has adequately complied with article 894.1, the function of the reviewing court is to determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984); State v. Knighton, 449 So.2d 1171 (La.App. 2nd Cir.1984).
The standard for review is stated as follows:
... [A] sentence will not be set aside as excessive absent a manifest abuse of the trial judge’s sentencing discretion [cites omitted]. The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice [cites omitted].
State v. Smack, 425 So.2d 737, 740 (La.1983). See also State v. Nealy, supra; State v. Brewer, 436 So.2d 631 (La.App. *1231 3rd Cir.1983), writ denied 440 So.2d 148 (1983).
In the instant case, the record reflects that the 55 year-old defendant repeatedly committed indecent acts upon five young neighborhood girls. The Presentence Investigation Report indicates that the defendant’s conduct had some psychological effect upon the young victims. The judge also placed emphasis upon the psychological impact the crime was likely to have in the children’s later years.
Various courts have noted that a great age disparity between the defendant and his victims tends to increase the severity of crimes of this nature. See State v. Willis, 420 So.2d 962 (La.1982); State v. Smith, 404 So.2d 210 (La.1981); State v. Freeman, 447 So.2d 600 (La.App. 3rd Cir.1984); State v. Duhon, 431 So.2d 120 (La.App. 3rd Cir.1983); State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983). Likewise, the likelihood of psychological and emotional trauma are relevant sentencing considerations. State v. Willis, supra; State v. Smith, supra. Another relevant consideration is the fact that there was a total lack of provocation, and lack of factors which might tend to excuse or exculpate the defendant’s criminal acts. No acts on the part of the victims, all of whom are children, induced or facilitated the crimes. See State v. Willis, supra.
Also relevant in reviewing the sentence imposed is the odious and highly repugnant nature of the offense perpetrated by the defendant. As stated in State v. Duhon, supra, the defendant “violated some of the basically held values of society. Children should be safe from sexual exploitation by adults.” The defendant apparently exploited all the young neighborhood girls who played near his home.
In mitigation is the fact that the defendant is a first offender. He had a good work record, was highly thought of among his peers, and apparently had a distinguished military career. The Presentence Investigation Report states that the defendant should be incarcerated but notes that the defendant would be a good candidate for probation if he were to seek medical help. However, as pointed out by the State in its reply brief, the defendant has continually denied guilt despite the existence of evidence to the contrary and the position of innocence being rejected by the jury. Assistant Attorney General William Faust is quoted in the Presentence Investigation Report as stating “Piazza never admitted his guilt nor would he get help. We would have been willing to work with medical confinement, but he wasn’t even contrite.” (Vol. I, R. p. 176).
Defense counsel also objects to the fact that consecutive, rather than concurrent sentences were imposed. LSA C.Cr.P. art. 883 provides in pertinent part “[i]f the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.” In State v. Lewis, 430 So.2d 1286, 1289-90 (La.App. 1st Cir.1983) writ denied 435 So.2d 433 (La.1983), the court stated:
Concurrent rather than consecutive sentences are the usual rule for convictions arising out of a single course of criminal conduct, at least where the offender has no previous criminal record and there is no showing that public safety requires a longer sentence. La.Code Crim.P. 883; State v. Jett, 419 So.2d 844 (La.1982); State v. Molinario, 400 So.2d 596 (La.1981). However, consecutive sentences are not automatically considered excessive simply because they are imposed for convictions arising out of a single course of criminal conduct, since other factors should be considered in making this determination. State v. Jett, supra. Nevertheless, the imposition of consecutive sentences for convictions arising out of a single course of criminal conduct requires particular justification. State v. Lewis, supra [416 So.2d 921 (La.1982)].
*1232 See also State v. Williams, 445 So.2d 1171 (La.1984); State v. Pruitt, 474 So.2d 491 (La.App. 4th Cir.1985).
Factors to be considered by the sentencing court in determining whether consecutive or concurrent sentences are appropriate for a particular offender include the multiplicity of acts, lack of remorse, and the risk to the public. State v. Redman, 449 So.2d 636 (La.App. 1st Cir.1984). The defendant committed a continuing series of crimes involving multiple victims. Upon conviction, the defendant expressed no remorse, choosing instead to continue to deny guilt, alleging that the charges arose as a result of personal vendettas by the parents of the victims. The trial court points out in its Reasons for Sentencing that the defendant committed the crimes over an extended period of time and that the acts were clearly premeditated. These considerations, along with the fact of the refusal of the defendant to admit the criminality of his acts, could reasonably have led the trial judge to believe that a lesser sentence would create a substantial risk that the defendant, upon release, would perpetrate similar acts upon the unsuspecting public. Accordingly, we find there is particular justification for the imposition of consecutive sentences in this case.
We take guidance from the case of State v. Willis, supra, in which the Supreme Court upheld three consecutive sentences of eight years each and a sentence of two years imposed after the defendant pled guilty to three counts of carnal knowledge and one count of indecent behavior with a juvenile.
For the foregoing reasons, we affirm the sentence of the trial court.
AFFIRMED.