496 So.2d 1317 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Allen R. EZERNACK, Defendant-Appellant.
No. CR 86-441.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
*1318 David L. Wallace, Atty. at Law, De Ridder, for defendant-appellant.
Edwin L. Cabra, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before GUIDRY, DOUCET and KING, JJ.
KING, Judge.
This appeal presents the issue of whether or not the trial court erred in imposing an excessive sentence on the defendant.
Allen R. Ezernack (hereinafter referred to as defendant) was charged by grand jury indictment on July 2, 1985 with aggravated rape in violation of R.S. 14:42. The indictment was amended and defendant pleaded guilty to carnal knowledge of a juvenile in violation of R.S. 14:80. The trial judge sentenced defendant to seven years imprisonment at hard labor.
Defendant timely appeals his sentence, alleging that the trial judge erred in imposing an excessive sentence, which constitutes cruel and unusual punishment. We affirm.

FACTS
Defendant pleaded guilty to carnal knowledge of a juvenile, a violation of R.S. 14:80, which is committed when:
"A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons."
The maximum sentence for this offense is ten years imprisonment with or without hard labor. The trial judge sentenced defendant to seven years imprisonment at hard labor.
The defendant admitted having sexual intercourse with his step-daughter, who was a minor female child at the time of the offense. The child gave a detailed statement describing numerous occasions when the defendant engaged in sexual intercourse with her. She stated that the acts occurred in various locations, including places in the home, in defendant's bedroom, and in his truck.
It is well established that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ den., 433 So.2d 166 (La.1983). To determine whether the penalty is grossly disproportionate to the crime, the court must consider the punishment and crime in light of the harm to society and determine whether the penalty is so disproportionate to the crime committed as to "shock our sense of justice." State v. Bonanno, 384 So.2d 355 (La.1980); State v. Morgan, supra.
The trial judge is given wide discretion in the imposition of sentences within statutory limits and the sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Phagans, 412 So.2d 580 (La.1982); State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App. 3 Cir. 1983), writ den., 444 So.2d 1214 (La.1984). LSA-C.Cr.P. Art. 894.1 sets forth guidelines which a trial judge must consider when imposing sentence. The requirements of Article 894.1 are fulfilled when the record affirmatively shows that the trial judge considered the statutory sentencing guidelines. State v. Gardner, 470 So.2d 429 (La.App. 3 Cir.1985). At the sentencing hearing, the trial judge stated that he had read petitions submitted by various persons which asked him to consider leniency for the defendant. The trial judge stated he had also considered a letter from defendant's employer, a beverage *1319 company, which praised defendant's work record.
In addition to considering information favorable to the defendant, the trial judge also stated that he had considered some negative factors contained in the pre-sentence investigation report. The pre-sentence report indicated that defendant admitted to occasional marijuana use, and to the consumption of approximately two six-packs of beer per week. The trial judge noted that the defendant had been charged in 1974 with theft, and in 1975 with two counts of misdemeanor theft, one count of felony theft, and three counts of simple burglary. For these charges defendant pled guilty to four misdemeanors, and was given a suspended jail sentence and placed on two years probation.
At the time of the offense, there was a 15 year age difference between the defendant and the victim. Courts have determined that the relative ages of the defendant and the victim tend to increase the severity of the crime of carnal knowledge of a juvenile. State v. Smith, 404 So.2d 210 (La.1981); State v. Freeman, 447 So.2d 600 (La.App. 3 Cir.1984).
In his reasons for sentencing, the trial judge stated:
"Considering the gravity of this defendant's conduct and his apparent lack of remorse and his efforts to fix blame elsewhere rather than accept the responsibility for his conduct, it's felt that probationary treatment is simply not indicated in this case, that it would only serve to deprecate the seriousness of the offense with which we are here dealing. That being the case, it's the sentence of the court that the defendant serve seven years at hard labor with the Louisiana Department of Corrections."
It is evident from the record that the trial judge gave adequate consideration to the sentencing guidelines set forth in LSA.C.Cr.P. Art. 894.1. Review of the record also indicates that the trial judge correctly weighed not only the circumstances militating for incarceration, but also mitigating factors. State v. Walker, 414 So.2d 1245 (La.1982), aff'd, 449 So.2d 474 (La.1984).
In light of the parties' relative ages and the attendant circumstances, we find that the seven-year sentence imposed on the defendant was not an abuse of the trial court's discretion. We do not find that the sentence is so disproportionate to the crime committed as to shock our sense of justice.
For these reasons we find that the trial judge did not manifestly abuse his discretion in finding that a lesser sentence would deprecate the seriousness of this offense. For these reasons we find that defendant's assignment of error is without merit.
For the above and foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.