Dear Ms. Theis:
Your request for an opinion from this office has been forwarded to the undersigned for research and reply. As I understand them, your questions are as follows:
 1. May a court order a presentence investigation when a person is charged and convicted of a misdemeanor offense of driving while intoxicated (DWI)?
2. At what point does the presentence investigation begin?
La.C.Cr.P. art. 875A(1) provides in pertinent part:
 If a defendant is convicted of a felony offense or a misdemeanor offense that has been reduced from a felony, the court may order the Department of Public Safety and Corrections, division of probation and parole, to make a presentence investigation. All such reports shall be made within sixty days of conviction except that when the defendant is released on bond pending imposition of sentence, such reports shall be made within ninety days of conviction. In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education, and personal habits.
A 1989 amendment to this article substituted "convicted of a felony offense or misdemeanor offense that has been reduced from a felony" for "convicted of an offense other than a capital offense, for which the punishment may be imprisonment for more than six months, or if the defendant is convicted of a second or subsequent misdemeanor."
Because we assume the State Legislature intended to alter or amend the crimes by which a convicted offender would be subject to a presentence investigation, it seems that conviction for misdemeanor DWI is specifically excluded by this article unless the underlying offense originally charged was a felony. Any other interpretation would be contrary to the clear and express legislative intent of the newly amended art. 875. Therefore, this office is of the opinion that a court has no express authority to order a presentence investigation unless the underlying offense is a felony or a misdemeanor that was reduced from a felony.
In response to your second question, pursuant to art. 875, the presentence investigation should commence immediately upon the defendant's conviction, and should be completed within 60 or 90 days, depending upon the defendant's incarceration or release prior to sentencing. Although these time restrictions apply once the court orders such an investigation, "the decision to order a presentence investigation lies within the discretion of the trial court, and there is no requirement that an investigation be ordered." State v. Freeman, 447 So.2d 600 (La.App. 2d Cir. 1984).
Finally, your inquiry refers to the court's ability to "set up its own agency to conduct presentence investigations separate from the Department of Public Safety and Corrections." According to our information, and as provided in art. 875, the Department of Public Safety and Corrections is the legislatively approved vehicle for conducting presentence investigations.
I hope the foregoing has adequately answered your questions. If you need further assistance on this or any other matter, please do not hesitate to contact this office again.
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 KATHLEEN E. PETERSEN Asst. Attorney General