438 So.2d 1275 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Albert STONER, Defendant-Appellant.
No. CR83-200.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
*1276 John M. Crochet, Rogers, St. Romain & Oubre, Lake Charles, for defendant-appellant.
Leonard K. Knapp, Jr., Dist. Atty., and F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before GUIDRY, CUTRER and DOUCET, JJ.
GUIDRY, Judge.
The defendant-appellant, Albert Stoner, was convicted of three counts of forgery in violation of LSA-R.S. 14:72. The trial judge imposed a sentence of six years on each count, with the sentences to run consecutively. The defendant appeals asserting that (1) the sentence is unconstitutionally excessive; and, (2) the trial judge failed to adequately state the reasons for imposing sentence as required by LSA-C.Cr.P. Art. 894.1.

FACTS
In April of 1982, defendant was employed by Joseph Fisher to assist in painting the house of William E. Geer. On April 13, 1982, Mr. Geer, while examining his checking account statement discovered two checks payable to Albert Stoner, which had been written on his account, bearing his forged signature. One check, dated April 7, 1982, was in the amount of $750.00; the other, dated April 8, 1982, was in the amount of $625.00. On July 8, 1982, the defendant attempted to cash a check drawn on the account of McNeil's Sound of Music made payable to Billy C. Kibodeaux, signed George McNeil, which had been reported stolen. The defendant admitted that he had found the check and altered it in his attempt to cash it.
The defendant is presently 42 years old and married, but has been separated, legally or in fact, for the past four years. He has no children and was employed at the time of the sentencing hearing. He admitted at the sentencing hearing to having two prior felony convictions for theft for which he served time at hard labor, the last of which was in 1962. The defendant's criminal record also shows several other arrests.

ARGUMENTS ON ASSIGNMENTS OF ERROR
The defendant contends that the sentence of six years on each of the three counts to run consecutively for a total of eighteen years constitutes excessive punishment in violation of Article 1, § 20 of the 1974 Louisiana Constitution. The defendant submits that considering his background and the nature of the crime, the length of sentence imposed was grossly disproportionate to the nature of the offense. The defendant further contends that the court failed to state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
It is well settled that the imposition of a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Washington, 414 So.2d 313 (1982); State v. Duhon, 431 So.2d 120 (La.App. 3rd Cir.1983). In determining whether the penalty is grossly disproportionate, the court must consider "the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." State v. Bonanno, 384 So.2d 355, 358 (La.1980). In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of the sentences within statutory limits, and the sentence imposed should not be set aside in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum penalty for forgery is ten years imprisonment at hard labor and a $5,000.00 fine. Thus, defendant was exposed to a penalty of not more than fifteen thousand dollars in fines and thirty years at hard labor. Defendant's sentences for a total of 18 years is well within the statutory limits. Defendant's claim of excessive sentence appears to be based on the argument *1277 that the court afforded too much weight to the two 20 year old felony convictions for theft.
LSA-C.Cr.P. Art. 894.1 must be considered by the trial judge before imposing sentence. In State v. Sepulvado, supra, at 7, the Supreme Court stated in reference to this article that it provides:
"... appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of length or because it specifies confinement rather than less onerous sentencing alternatives."
The purpose of this article is to provide the trial court with standards so that it may individualize the sentence to fit the particular defendant, considering his background and the offense he committed. While the trial court need not articulate every aggravating and mitigating circumstance, the record must reflect that it has adequately considered these guidelines in particularizing the sentence to defendant. State v. Duncan, 420 So2d 1105 (La.1982).
At the sentencing hearing, the trial judge expressly referred to the guidelines of LSA-C.Cr.P. Art. 894.1. He found that there is an undue risk that during the period of any suspended sentence or probation, that the defendant would commit another crime. He based this finding on defendant's own admissions that he has two prior felony convictions for which he was sentenced, and for which he served time in Angola. Although noting that the last sentence was in 1962, he concluded that the defendant has apparently failed to learn from his previous errors no matter how ancient. The trial judge further found that the defendant is in need of correctional treatment in a custodial environment by commitment to an institution based on defendant's conduct and admission of guilt. Relying in particular on defendant's prior criminal record, the trial judge concluded that a lesser sentence would deprecate the seriousness of the defendant's crime.
In imposing sentence the judge further considered, based on the evidence, that: (1) the defendant's conduct had caused serious harm in that his victims had suffered unrecovered financial loss which harm was contemplated by the defendant as evidenced by his admissions; (2) that the defendant had not compensated his victims for the damages sustained; (3) that his criminal conduct was unprovoked and uninduced; (4) that the character and attitude of the defendant indicated that he is likely to commit other crimes as evidenced by his failure to learn from his past mistakes; and, (5) that the imprisonment of the defendant would not entail any hardship to himself and his dependents since he has no children and is separated from his wife.
In particularizing the sentence to the defendant, the trial judge adequately considered the defendant's background and the nature of the crime in light of the standards set forth in LSA-C.Cr.P. Art. 894.1. We find that the trial judge adequately complied with the provisions of LSA-C.Cr.P. Art. 894.1.
Accordingly, we conclude that the sentence imposed is not so disproportionate to the crime committed as to shock our sense of justice or to constitute a manifest abuse of the trial judge's discretion. We find the sentence to be reasonable and just.
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.