448 So.2d 755 (1984)
STATE of Louisiana, Appellee,
v.
Ricky Lee SEWELL, Appellant.
No. 15752-KA.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1984.
*756 Steven A. Hansen and Michael S. Ingram, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Joseph T. Mickel and Michael J. Fontenot, Asst. Dist. Attys., Monroe, for appellee.
Before JASPER E. JONES and NORRIS, JJ., and McCLENDON, J. Pro Tem.
JASPER E. JONES, Judge.
The defendant, Ricky Lee Sewell, was convicted of obtaining possession of a controlled dangerous substance by fraud in violation of La.R.S. 40:971 B(1)(b). He was sentenced to five years at hard labor and fined $5,000.00. The sentence and fine were the maximum that defendant could have received. La.R.S. 40:971 B(2). He appeals his sentence relying on three assignments of error.
The evidence reveals defendant used a forged prescription to obtain preludin from a pharmacy. A presentence investigation report compiled at the direction of the trial judge shows defendant has an extensive history of criminal conduct. After reviewing the information contained in the presentence report at the sentencing hearing, the trial judge based the sentence upon his findings that: there is an undue risk defendant will commit other crimes if not incarcerated; defendant is in need of correctional treatment; and any lesser sentence would deprecate the seriousness of the instant offense.

ASSIGNMENT OF ERROR # 1
Defendant contends the trial judge failed to comply with the sentencing guidelines of La.C.Cr.P. 894.1 by not discussing any mitigating circumstances in his reasons for sentence.
A list of aggravating and mitigating circumstances the trial judge should consider in determining the sentence to be imposed upon a defendant is contained in La.C.Cr.P. 894.1. While the trial judge need not articulate every circumstance, the record must reflect he adequately considered the 894.1 guidelines in particularizing the sentence to the defendant. State v. Duncan, 420 So.2d 1105 (La.1982); State v. Smith, 433 So.2d 688 (La.1983); State v. Thomas, 434 So.2d 530 (La.App. 2d Cir. 1983).
The record does not reveal whether the trial judge considered any mitigating circumstances in imposing sentence but that fact alone does not mean that defendant's sentence must be vacated. The trial court's failure to comply with 894.1 does not, in and of itself, render a sentence invalid. The sentence will be upheld if the record clearly illumines and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983); State v. Williams, 397 So.2d 1287 (La.1981). For reasons stated in our discussion of Assignment of Error # 2, the record clearly illumines and supports the sentencing choice.

ASSIGNMENT OF ERROR # 2
By this assignment defendant contends his sentence is excessive.
*757 While defendant received the maximum sentence that could be imposed under law, that sentence was within the statutory limits. The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982); State v. Feeback, 414 So.2d 1229 (La.1982); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Morace, 446 So.2d 1274 (La.App. 2d Cir.1984).
The presentence report, which defendant does not dispute, reveals that defendant had a prior felony conviction and was on probation for that conviction at the time of the commission of the instant offense.[1] There is now pending a charge of being a fugitive from justice as a result of violation of probation. The defendant has four prior misdemeanor convictions, one of which was drug related, and one of which involved a crime against the person. In addition defendant has been arrested on felony charges on at least four other occasions. Many of the offenses charged against the defendant involve violence to the person and he was previously arrested on another forged prescription charge. Although many of these arrests did not result in convictions, the trial judge properly considered them in selecting a sentence. See La.C.Cr.P. 894.1 B(7); State v. Brown, 410 So.2d 1043 (La.1982); State v. Washington, 414 So.2d 313 (La.1982). We find no abuse of discretion in the sentence imposed.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR # 3
Defendant contends the trial court erred in imposing both the maximum prison term and maximum fine. He argues that since the maximum prison term was imposed, a fine could not be imposed because the failure to pay the fine would result in imprisonment beyond the statutory maximum. This argument has been rejected in cases where the defendant is not indigent. State v. Lukefahr, 363 So.2d 661 (La.1978); State v. Barnes, 365 So.2d 1282 (La.1978). Defendant was represented by retained counsel and there was no showing he was otherwise indigent.
This assignment of error lacks merit.
Defendant's sentence is AFFIRMED.
NOTES
[1] Because of the prior felony conviction defendant was ineligible for suspension of sentence or parole. La.C.Cr.P. 893.