SEXTON, Judge.
The defendant, Jerry Dale Lewis, was charged by Bill of Information with violation of LSA-R.S. 14:34, Aggravated Battery. Pursuant to an agreement between his retained counsel and the district attorney’s office, the defendant pled guilty to Aggravated Battery with a stipulated maximum sentence of 5 years at hard labor. He was sentenced to 4 years at hard labor and now appeals that sentence.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The conviction of the defendant arose from the following factual circumstances. The defendant and his wife were present in Cheyenne Lily’s, a bar in Shreveport, Louisiana. The defendant’s wife was approached by another young woman, a former friend of the defendant’s, and a fist-fight erupted between the two women. The defendant pulled the other woman off of his wife by grabbing her hair. The date of the other woman, also a former friend of the defendant, responded by striking the defendant on the back of the head with a beer bottle and punching him in the face. The defendant and his wife then left the bar premises and went several blocks to defendant’s home where he obtained a .38 caliber revolver. The defendant-appellant *828 returned and with the pistol in hand, walked up to the table where the victim and his companion were sitting. He opened fire striking the victim five times and grazing the victim’s companion. Although the defendant’s weapon was loaded with “wadcutters,” the victim was seriously injured. However, he survived the assault.
The defendant adverts to the following alleged mitigating circumstances.as factors making the sentence of 4 years hard labor excessive. Defendant adverts to an alleged medical condition as creating a hardship condition on the defendant such as to render this sentence excessive. We note that none of the matters presented to this Court as exhibits constitute any part of the trial court record lodged with this Court. Counsel on appeal was not the counsel for the defendant during his plea and sentencing. However, we note that the medical condition of the defendant, though undiagnosed, was known to the defendant for a substantial period of time prior to the entry of his guilty plea. Out of an abundance of caution, we have reviewed the materials attached to the brief in the instant matter and from our review find nothing there which leads us to the conclusion that defendant’s medical condition makes imposition of a 4 year hard labor sentence excessive.
Defendant claims that the defendant’s successful completion of two prior terms of misdemeanor probation make it likely that the defendant would be able to successfully complete a period of probation in the instant matter. The trial court concluded otherwise. The trial court reasoned and articulated that in spite of probated sentences being given in an earlier possession of marijuana and an earlier misdemeanor theft, the defendant continued to commit crimes.
The trial court obviously made the reasonable determination that the fact of the defendant’s previous convictions should more logically be considered as a propensity to commit crimes, rather than be considered in the defendant’s favor because he managed to successfully complete the probated sentences rendered for these offenses.
The defendant asserts in brief that the difficulties brought on by the defendant’s behavior caused his father to suffer a stroke and to die prior to the imposition of sentence by the district court judge in this matter. We are unable to determine how any imprisonment sentence would cause hardship to his father, now deceased.
The defendant asserts in brief that the nature of the ammunition used in the instant matter by the defendant mitigates the offense. Defendant asserts that the ammunition used, “wadcutters” somehow mitigates the defendant’s crime. While no evidence was adduced on the relative degree of damage done by regular ammunition versus wadcutter ammunition, it is clear from the record that the victim of this offense suffered serious wounds as a result of the firing of 5 bullets into his body by the defendant. Furthermore, the victim’s companion narrowly escaped serious injury. This argument is meritless.-
From our review of the entire record available to the district court at the time of sentencing as well as a review of the exhibits attached to the appeals brief by counsel on appeal, we are unable to determine that the trial court judge abused his discretion in sentencing the defendant to a term of imprisonment of 4 years at hard labor out of a possible stipulated maximum sentence of 5 years at hard labor for this offense of aggravated battery. Accordingly, the defendant’s sentence is affirmed.
AFFIRMED.