466 So.2d 40 (1985)
STATE of Louisiana, Appellee,
v.
Greig A. COOK, Appellant.
Nos. 16439-KA, 16440-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Rehearing Denied March 27, 1985.
*41 Stephen A. Glassell, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., R. Cody Mayo, Jr., and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL and SEXTON, JJ., and PRICE, J. Pro Tem.
SEXTON, Judge.
In this consolidated appeal, the defendant challenges his sentences for two separate offenses of forgery. We affirm.
On November 14, 1983, pursuant to plea negotiations, the defendant entered pleas of guilty with respect to two separate bills of information. One bill of information contained three counts alleging forgeries totaling approximately $18,000. The defendant pled to count two concerning an offense asserted to have occurred September 22, 1982 in an amount of just over $7,000. The second bill of information alleged six counts of forgery totaling just over $560. The defendant pled guilty to count one involving an $80 forgery said to have occurred on March 10, 1983. Subsequent to the pleas all other counts were dismissed, as well as an additional bill charging the defendant and his wife with theft by fraud.
The defendant was subsequently sentenced on January 27, 1984 to eight years at hard labor in each case, the sentences to run concurrently. The defendant now pursues this appeal asserting two assignments of error.
In the first assignment of error, the defendant contends the trial court erred in imposing an excessive sentence. Particularly, *42 it is asserted that there was no evidence that he was continually engaged in criminal conduct over an extended period of time. The defendant additionally contends that the trial court improperly considered the amount of the alleged theft by fraud ($23,000), the charge dismissed by the state. Also, defendant asserts that a proportionality review of his sentence shows that other offenders involved in similar conduct received lighter sentences than the defendant's.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Lewis, 448 So.2d 826, 827 (La.App. 2d Cir.1984); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; and State v. Sewell, 448 So.2d 755, 757 (La.App. 2d Cir.1984). Also see State v. Davis, 448 So.2d 645, 653 (La. 1984).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983).
In evaluating the defendant's sentence, it should be noted that one bill of information charged three separate forgeries totaling approximately $18,000. The asserted offenses began September 22, 1982 and concluded November 17, 1982. The second bill of information, asserted six instances of forgery, beginning with an offense on March 10, 1983 and continuing through March 22, 1983, involving a total sum of just over $560. The pre-sentence report makes it clear that the second series of offenses occurring in 1983 were perpetrated while the defendant was out on bond for the earlier series of offenses. Also, the theft by fraud charge dismissed in the plea bargain alleged an offense involving a loss of approximately $23,000. The pre-sentence report indicates that the defendant had leased a mud logging trailer from his employers and had submitted fraudulent vouchers for work which was not done. This series of events occurred between December, 1981 and September, 1982, prior to the forgeries which began in September of 1982.
In sentencing the defendant, the trial court obviously considered the extensive loss in all of the originally charged offenses amounting to approximately $36,000, as well as the nature of the conduct involved in each. Thus, the trial court was impressed with the large sums of money involved and the continuing nature of the defendant's fraudulent conduct.
The trial court noted that the defendant's continuing conduct indicated a disregard for the property of others and a desire to live affluently. The court noted that restitution seemed virtually impossible both because of the size of the loss and the defendant's attitude. Thus, the court specifically determined that the defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the defendant's conduct.
In making this determination, the trial court stated that it did not consider two alcohol related offenses which occurred almost ten years ago, nor did it consider previous worthless check charges which were dismissed. The court also stated it did not consider a detainer from a neighboring *43 parish for a charge of receiving stolen goods. The court took into account the defendant's high I.Q., his high school education, the fact of his two previous marriages, and his three children.
Thus, the sentence of the defendant is well articulated and supported by the court's statements and the pre-sentence investigation. Defendant's contention that he was not engaged in a continuous course of criminal conduct is contradicted by the record. In the absence of allegations of mistake or falsehood, a consideration of uncharged or dismissed offenses in imposing sentence is appropriate. State v. Smith, 431 So.2d 838 (La.App. 2d Cir.1983), writ denied 435 So.2d 463 (La.1983).
Also in this assignment, the defense contends that this sentence is out of proportion to other sentences rendered under similar circumstances, citing State v. Telsee, 425 So.2d 1251 (La.1983), which requires a consideration of proportionality. In this regard, the defendant refers us to State v. Williams, 412 So.2d 1327 (La.1982); State v. Clark, 391 So.2d 1174 (La.1980); State v. Deville, 376 So.2d 1237 (La.1979); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Stoner, 438 So.2d 1275 (La. App. 3rd Cir.1983), writ denied 444 So.2d 118 (La.1984); and State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983), writ denied 434 So.2d 410 (La.1983). These are all fairly recent theft or forgery cases involving sentences ranging from two and one-half years to six years, except in Stoner. The eighteen year sentence upheld there was imposed upon a defendant who was a prior felon.
We have considered the jurisprudence cited. Proportionality is indeed a factor for consideration, but it is only one of many to be used in evaluating whether a sentence is excessive.
Under the circumstances of this case, considering the defendant's lengthy course of criminal conduct, the large sum of money involved, the important fact that the defendant returned to this course of conduct while out on bond subsequent to his initial arrest, and the trial court's determination based on the pre-sentence report that a significant period of correctional treatment was necessary, we are unable to say that the sentence imposed, although stringent, is excessive. This assignment lacks merit.
In Assignment of Error No. 2, appellate counsel, who was not trial counsel, urges this court to "adopt guidelines requiring the trial court to follow certain procedures prior to imposing sentence." Specifically, counsel is urging that we judicially impose the federal procedure with respect to presentence reports upon the trial courts of this jurisdiction.
Appellate counsel contends, as we have earlier agreed, that the trial court relied heavily on the pre-sentence report and particularly the circumstances of the theft by fraud charge which was dismissed. However, counsel does not contend that the information regarding those allegations was in error, or that the defense was denied an opportunity to contradict those allegations.
Counsel concedes that trial counsel acknowledged that the defense was prepared for sentencing and that the trial judge, in his reasons for sentence, stated that he had conferred with defense counsel and shared the pre-sentence report with her.
The law requires that the defense have access to the pre-sentence investigation and be given an opportunity to rebut any erroneous information which is relied upon by the trial court in imposing a heavy sentence. State v. Trahan, 367 So.2d 752 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977); State v. Roberts, 427 So.2d 1300 (La.App. 2d Cir.1983). This record indicates that the defense did have an opportunity to review the pre-sentence investigation and the defense has made no allegation that information contained therein was false, or that an opportunity to rebut false information was denied.
In our view, the current state of the law is reasonable and affords sufficient protection to a defendant. We see no specific *44 prejudice to this defendant. For this court to impose specific procedures would be to usurp the prerogatives of the Legislature. This assignment lacks merit.
For the reasons aforesaid, the two sentences appealed are affirmed.
AFFIRMED.