GUIDRY, Judge.
Defendant-appellant, Leon Edwards, was convicted by a twelve person jury of possession of amphetamine, a Schedule II controlled dangerous substance, in violation of La.R.S. 40:967(C). On October 23,1987, he was sentenced to serve five years at hard labor and pay a fine of $5,000.00, the maximum sentence for the offense. Defendant appeals urging seven assignments of error which cumulatively raise only the following two issues:
1. In sentencing the defendant, the trial judge failed to consider the mitigating sentencing guidelines set forth in La.C. Cr.P. art. 894.1.
*305 2. The sentence imposed upon defendant is excessive and in violation of La. Const. Art. 1 § 20.
ISSUE NO. 1
Defendant argues that in imposing sentence the trial court failed to enumerate or consider any mitigating factors, including defendant’s personal history and his lack of a prior record, as mandated by La.C.Cr.P. art. 894.1.
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis for imposition of sentence. La.C.Cr.P. art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). Articulation of the reasons for sentence, under Art. 894.1, is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867 (La.App. 2d Cir.1985). The trial court does not have to state every aggravating and mitigating factor but the statutory guidelines in Art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983). Important elements which should be considered include defendant’s personal history, prior record, seriousness of the offense and likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987); State v. Ezernack, 408 So.2d 907 (La.1981).
In the instant case, the record reflects that presumably the trial court failed to consider several relevant mitigating factors. While the trial judge stated that he placed no significance on the fact that defendant earned a G.E.D. rather than a regular high school diploma and he took into consideration that defendant was honorably discharged from the Navy, he failed to mention and apparently did not give consideration to the fact that the defendant was a first offender with a good work record. The pre-sentence report reveals that the defendant had never been in trouble previously; he was earning a good living as a dairy farmer; and, had worked for several years as an electrician for a utility company before acquiring his dairy farm.
The trial judge determined that if the defendant received a probated sentence, there was an undue risk that he would commit another crime; he needed a custodial environment; and, a lesser sentence would deprecate the seriousness of the offense. We find these statements conclusory and not based on any articulated facts. In State v. Cox, 474 So.2d 523 (La.App. 3rd Cir.1985), writ granted in part, 481 So.2d 1328 (La.1986), we held that similar conclu-sory assertions accompanied by a reference to the pre-sentence report were inadequate to fulfill the requirements of Art. 894.1.
The trial court did state that he believed defendant’s conduct threatened serious harm because both he and the police were armed and that defendant’s criminal conduct was unjustified and unprovoked.
Failure to comply with Art. 894.1 does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, supra at 672, the court stated:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant’s complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for re-sentencing on an adequate record, including strict compliance with Article 894.1.”
As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
*306 The question then becomes does the record in this case clearly support the trial judge’s sentencing choice, which leads to our consideration of the second issue presented for review.
ISSUE NO. 2
Defendant argues that the trial court erred in sentencing him to a maximum sentence because he is not the worst kind of offender; he was sentenced to a longer prison term than the other parties involved in the instant offense; and, the trial court erred in incorrectly supplanting portions of the jury’s finding of fact and substituting his own, to support a lengthy sentence. These issues essentially raise the argument that defendant’s sentence is excessive.
A sentence is excessive and violates Art. I § 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless inflicting of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980). Even sentences within statutorily authorized limits can be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
The defendant in this case received the maximum sentence proyided for by La.R.S. 40:967(C). Maximum sentences should be reserved for the most egregious offenses committed by the worst offenders. State v. Telsee, 425 So.2d 1251 (La.1983).
Appellant’s argument that his sentence is illegally excessive because it is longer than the sentences received by his co-defendants is without merit. The fact that other defendants received lighter sentences is inconsequential. State v. Quimby, 419 So.2d 951 (La.1982). A judge is not required to treat co-defendants equally in sentencing, and a trial judge may and should exercise discretion according to the individual circumstances of the offense and the offenders. State v. Labure, 427 So.2d 855 (La.1983); State v. Hutchins, 502 So.2d 606 (La.App. 3rd Cir.1987).
However, the fact that defendant is a 42 year old first offender, a high school graduate with a steady employment history and an unblemished record of military service, contradicts a finding that he is the worst kind of offender.
Further, the record does reflect some merit in defendant’s contention that the trial court supplanted the findings of fact of the jury and substituted his own. The jury found the defendant guilty of possession of amphetamine. This was a responsive verdict. The jury found the defendant not guilty of possession of amphetamine with the intent to distribute, and not guilty of conspiracy to possess amphetamines with intent to distribute. Yet the trial court, in support of the maximum sentence imposed, concluded, in contradiction to the jury verdict, that the defendant intended to make a large drug deal and reap “sizable profits”.
The record in this case reveals several mitigating factors. It also appears that the trial court sentenced the defendant based on facts which were not consistent with the jury’s verdict. Further, the record does not clearly provide support for the maximum sentence imposed upon the defendant. Therefore, for these reasons, the defendant’s sentence is vacated and the case is remanded for resentencing with full, recorded compliance with Art. 894.1 and the views herein expressed.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.