GUIDRY, Judge.
On May 5, 1987, defendant, Leon Edwards, was found guilty by a jury of twelve of possession of amphetamines, a violation of La.R.S. 40:967(C). On October 23, 1987, he was sentenced to serve five years at hard labor and pay a fine of $5,000.00, the maximum sentence for the offense.
The defendant appealed urging that the trial judge failed to consider the sentencing guidelines set forth in La.C.Cr.P. art. 894.1, and that the sentence imposed was excessive, in violation of La. Const. Art. 1, Section 20. We vacated the defendant’s sentence and remanded the ease for resentenc-ing with full, recorded compliance with Article 894.1. See State v. Edwards, 532 So.2d 304 (La.App. 3rd Cir.1988).
On remand, the trial court sentenced the defendant to serve four years with the Department of Public Safety and Corrections.
Defendant again appeals on the basis of eight assignments of error. Assignments of error numbered one and two have not been briefed and are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3rd Cir.1983).
FACTS
Defendant was charged with possession of amphetamines with the intent to distribute and conspiracy to distribute amphetamines.
Defendant and two other persons, Terry Lynn Gilbreath and Gilbreath’s wife, La-Donna, allegedly traveled from Texas to Natchitoches to meet some New Orleans drug buyers to make a sale. Unknown to the defendant and the Gilbreaths, the buyers were undercover narcotics officers. Defendant was arrested, tried and, on count one, convicted of the lesser crime of possession of amphetamines. The defendant was found not guilty of conspiracy to distribute amphetamines.
Defendant received the maximum sentence statutorily authorized, five years at hard labor and a fine of $5,000.00. The sentence was vacated on appeal and the case remanded for resentencing. The trial *36 judge resentenced the defendant to four years imprisonment.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial judge erred in supplanting the jury verdict on numerous occasions with his own version of the facts and defendant’s intentions.
During resentencing, the following colloquy took place between the defense counsel and the trial judge:
“MR. HOWARD: He has a honorable discharge ... He has no other arrest before or since August, 1986, when this happened. He has always worked. He worked for the light company for twelve years. He owns his own dairy farm. He has always returned to this court which [sic] so gracious to have let him out on bond each time, but he’s always come back. He’s in business ... because of hardship if Your Honor chose to put him in jail, his business would go out of business. He helps his infirmed mother, she lives with him....
The pre-sentence investigation indicates that he’s a candidate for suspended sentence. He was found guilty by a jury of simple possession only_ And whether you disagree with it or whether I disagree, I think they should have found him not guilty. You feel that he should have been found guilty of all of the things.
But we live and die by our system and I would hope that you would in the spirit of all that’s holy in our democracy take that into consideration when you sentence this man.
This man is guilty of simple possession of a controlled substance.
THE COURT: All right. The Court does disagree with the finding of the jury. However, that is what we have juries for.”
The foregoing exchange indicates two things, the trial judge believed the defendant to be guilty of a more serious crime than that of which he stood convicted, but nevertheless the judge recognized that the jury had spoken and it was his job to sentence the defendant accordingly.
The district judge then went on to recount the events which led to Edwards’ arrest, including the fact that defendant was armed with a dangerous weapon. It is this recital to which defendant objects. We find his objection meritless. This court remanded defendant’s case for resentencing in compliance with La.C.Cr.P. art. 894.1. The cited article requires that a sentencing judge consider both militating and mitigating circumstances in passing sentence on a defendant. Furthermore, as our Supreme Court pointed out in State v. Washington, 414 So.2d 313 (La.1982):
“The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Douglas, 389 So.2d 1263 (La.1980).”
We find the circumstances which led to defendant's arrest, as reflected by the record, pertinent and a source which may be considered by the sentencing court. This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant next urges that the trial court erred in again failing to adequately consider any mitigating circumstances as required by the statutory guidelines, particularly the facts that defendant was honorably discharged from the armed services; had no prior record of criminal activity; his stable work history; and, the hardship to which defendant and his invalid mother would be subjected in the event of his incarceration. In essence, defendant argues that if proper weight had been accorded the factors above set forth, the defendant would have been granted a probated sentence.
On remand, this court stated:
“In the instant case, the record reflects that presumably the trial court failed to consider several relevant mitigating factors. While the trial judge stated that he placed no significance on the fact that defendant earned a G.E.D. rather than a *37 regular high school diploma and he took into consideration that defendant was honorably discharged from the Navy, he failed to mention and apparently did not give consideration to the fact that the defendant was a first offender with a good work record. The pre-sentence report reveals that the defendant had never been in trouble previously; he was earning a good living as a dairy farmer; and, had worked for several years as an electrician for a utility company before acquiring his dairy farm.
The trial judge determined that if the defendant received a probated sentence, there was an undue risk that he would commit another crime; he needed a custodial environment; and, a lesser sentence would deprecate the seriousness of the offense. We find these statements conelusory and not based on any articulated facts. In State v. Cox, 474 So.2d 523 (La.App. 3rd Cir.1985), writ granted in part, 481 So.2d 1328 (La.1986), we held that similar conelusory assertions accompanied by a reference to the pre-sentence report were inadequate to fulfill the requirements of Art. 894.1.”
See State v. Edwards, supra at 305.
In resentencing the defendant, the trial judge, once again, completely ignored the spirit and intent of Article 894.1. At the resentencing, the trial judge stated:
“The fact that Mr. Edwards has no history of prior criminal activity and that he has led a law abiding life for a substantial period of time before the commission of this instant crime is obviously of importance to the Court of Appeal.”
While paying “lip service” to our decree, the trial judge did not go on to give any indication that he considered Edwards’ heretofore unblemished record. Rather, he went on to a different subject stating:
“There are a lot of us who served time in the military and got out with a honorable discharge and have chosen not to get involved in criminal activities. So the fact that he served in the Navy, at one time, while relevant to some people is neither here nor there as far as I’m concerned.”
In considering whether to give a defendant a probated sentence, the completion of an honorable tour of duty with the military is an important factor. A good military record indicates that a person can successfully handle regimentation and discipline, the two linchpins of probation.
The trial judge continued:
“I find that the conduct of Mr. Edwards at the time was a result of circumstances which are likely to reoccur if he is given a suspended sentence.
The character and attitude of Mr. Edwards indicates to the Court that I can’t tell whether he is likely or unlikely to commit a crime. He stands before me today very positive, I’m sure, in his own mind, he’s not going to commit another crime. But should he be out on probation or serve his probation and not ... there is a definite possibility that if he gets a chance to make some quick money, he’ll do it, in the form of a drug transaction.”
We find these statements not only unsupported but completely contradicted by the record. The record reveals that the defendant has had no trouble with the law since his arrest in 1986 and that he has severed his contacts with his codefendants. Furthermore, Edwards has cooperated with the court, never missing an ordered appearance. Defendant has been free on bail since his initial arrest.
The trial judge then went on:
“I do not know enough about the defendant’s background to tell whether or not he’s particularly likely to respond affirmatively to probationary treatment, therefore, I’m not going to give him probation.”
In State v. Stoner, 438 So.2d 1275, 1277 (La.App. 3rd Cir.1983), writ, denied, 444 So.2d 118 (La.1984), a panel of this court stated:
“LSA-C.Cr.P. Art. 894.1 must be considered by the trial judge before imposing sentence. In State v. Sepulvado, supra [367 So.2d 762 (La.1979) ] at 769, the Supreme Court stated in reference to this article that it provides:
*38 “... appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of length or because it specifies confinement rather than less onerous sentencing alternatives.”
The purpose of this article is to provide the trial court with standards so that it may individualize the sentence to fit the particular defendant, considering his background and the offense he committed.” (Emphasis ours)
The trial judge had the benefit of a pre-sen-tence investigation (PSI) report. If he did not find the information concerning defendant’s background contained therein sufficient, he could have ordered the report supplemented or he could have even ordered a second PSI. Just as the State may not use .a presumption to relieve it of its burden of proving every essential element of a crime beyond a reasonable doubt, we believe that a trial judge may not presume a defendant will not respond affirmatively to probation without some articulable reason. State v. Jones, 481 So.2d 598 (La.1986).
Finally, the trial judge concluded:
“I do not find that imprisonment would entail excessive hardship to himself or his dependents.
There’s been no evidence in this Court of Mr. Edwards’ financial situation except that he had a ... was it a dairy ... [?]”
The PSI report indicates that the defendant owns and operates, with the assistance of one farm hand, an 80 acre dairy farm. Defendant claims that the farm grosses $12,000.00 per month and nets him approximately $3,000.00 per month income. Max M. Geiger, a deputy chief of the Texas Adult Probation Department, conducted the pre-sentence investigation in Texas, where defendant resides. He verified the foregoing information. Clearly, imprisonment would entail hardship on defendant as he would, more than likely, lose a business with a yearly gross income in excess of $140,000.00.
In sum, we find nothing in the record which would indicate to us that there exists an undue risk that, if given probation, defendant would be likely to commit another crime, plus, the record contains a number of facts that mitigate in favor of probation. We conclude that defendant is entitled to resentencing in accordance with the views expressed herein.
ASSIGNMENT OF ERROR NO. 6
In as much as we are remanding defendant’s case for resentencing, we need not consider his argument concerning excessive sentence.
ASSIGNMENTS OF ERROR NOS. 7 AND 8
These assignments of error were previously addressed and disposed of by this court on defendant’s first appeal. Therefore, these assignments will not be reconsidered.
For the foregoing reasons, the sentence imposed is reversed and vacated. The case is remanded for resentencing in accordance with the views expressed herein. We further order that on remand this matter be assigned to another judge of the Tenth Judicial District Court for resentencing. See State v. Soco, 441 So.2d 719 (La.1983); State v. Lloyd Jones, 473 So.2d 917 (La.App. 3rd Cir.1985).[1]
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
DOMENGEAUX, J., dissents and assigns reasons.

. We invite the attention of the District Judge to whom this case will be assigned on remand to the decisions of our Second Circuit brethren in State v. Strickland, 505 So.2d 752 (La.App. 2d Cir.1987), and State v. Higginbotham, 522 So.2d 1315 (La.App. 2d Cir.1988).