STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-44

STATE OF LOUISIANA

VERSUS

LYNN B. CORNWELL

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, DOCKET NO. CR-1084-2006
HONORABLE HERMAN I. STEWART, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

Mitchel M. Evans II
Post Office Box 28
DeRidder, Louisiana 70634
(337) 462-5225
COUNSEL FOR DEFENDANT/APPELLANT:
     Lynn B. Cornwell

David W. Burton
District Attorney - Thirty-sixth Judicial District
ADA Richard F. Blankenship
Post Office Box 99
DeRidder, Louisiana 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
     State of Louisiana

**GENOVESE, Judge.**

On November 27, 2006, the State charged the Defendant, Lynn B. Cornwell, with three counts of obtaining a controlled dangerous substance through misrepresentation, fraud, forgery, and deception, in violation of La.R.S. 40:971(B)(1)(b). The Defendant pled guilty to all three charged offenses on August 17, 2007, and the trial court ordered a presentence investigation report.

The trial court adduced evidence at the Defendant's sentencing hearing on October 25, 2007. After assigning written reasons, the trial court sentenced the Defendant to three years at hard labor on each count, directed the sentences to run concurrently, gave the Defendant credit for time served, fined the Defendant $500.00 on each count for a total of $1,500.00, and ordered the Defendant to pay one cost of court.

Defendant now appeals his sentences, arguing that his sentences are excessive and that the trial court failed to adequately consider the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. The record indicates that the Defendant did not file a motion to reconsider his sentences. For the following reasons, we affirm the Defendant's sentences.

## FACTS

The Defendant obtained three different prescriptions for hydrocodone. Before submitting the three prescriptions to a pharmacist on three different dates, the Defendant added the number one before the number of pills prescribed, thereby obtaining 300 pills more than prescribed.

## DISCUSSION

The Defendant, in his brief, asserts that his sentences are excessive in view of

his "endemic drug addiction." The Defendant also contends that the trial court did not adequately consider the sentencing guidelines set forth by La.Code Crim.P. art. 894.1.

As previously stated, the record contains no documentation showing that the Defendant sought reconsideration of his sentences by the trial court.

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

La.Code Crim.P. art. 881.1(E). Despite the procedural bar to reviewing penalties in situations where the defense failed to seek reconsideration of sentence, this court, in such cases, has previously reviewed those penalties for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420.

Therefore, although the Defendant's specific claims are barred from review, this court will consider the bare excessiveness of the penalties imposed by the sentencing court.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

2

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

The trial court ordered the Defendant to serve three years at hard labor for each offense to run concurrently with each other. According to La.R.S. 40:971(B)(2), any person who violates La.R.S. 40:971(B)(1) "shall be imprisoned, with or without hard labor, for not more than five years; and, in addition may be sentenced to pay a fine of not more than five thousand dollars." Therefore, the Defendant's sentences fall within the statutory sentencing parameters and are midrange penalties.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The record shows that the trial court considered the nature of the offenses, as well as the circumstances of the offender, when it individualized the penalty to the Defendant and the offenses he committed:

**SENTENCE WITH WRITTEN REASONS**

> Lynn B. Cornwell, on August 20, 2007, you entered guilty pleas to three (3) counts of obtaining a controlled dangerous substance by fraud. In each instance[,] the controlled dangerous substance you obtained was hydrocodone. You obtained these drugs by raising the quantity number of pills on your prescriptions from (30), (30), and (20)

3

to (130), (130), and (120).  You thereby obtained (380) hydrocodone pills between August 18, 2006 and September 6, 2006[,] of which 300 were obtained by fraud.

Your guilty pleas were straight up pleas without any recommendation by the District Attorney's Office pertaining to sentence and no commitment of any particular sentence was made by the Judge.  A pre-sentence investigation report was ordered and obtained and a sentencing hearing was held on October 25, 2007.

[Louisiana Revised Statutes 14:971] B(2) provides for a maximum sentence in this case of five (5) years imprisonment with or without hard labor, and a fine of not more than $5,000.00.

You are twenty-nine (29) years old and you have a substantial criminal history.  On October 9, 2003[,] you were sentenced to six (6) months in the Beauregard Parish Jail[,] which sentence was suspended[;] this sentence being on misdemeanor charges of issuing worthless checks.  In 2004 while on probation for the worthless checks, you committed and were convicted of three (3) counts of forgery in Beauregard Parish.  During the same time frame, you committed and were convicted of a felony forgery charge in Jasper County, Texas.  You were on parole from the Department of Corrections on the Beauregard forgery charges when you committed the instant offenses.

On August 11, 2004, when I sentenced you for your forgery conviction, I stated in the written reasons for judgment, "The sentencing hearing and the PSI revealed that you have a very severe drug dependency.  Your drug habit has included the use of cocaine, crystal meth, and prescription medications.  You told the probation office that[,] at one time[,] you were using an "eight ball" of cocaine a day.  You estimated your habit was costing anywhere from $80.00 to $300.00 per day.  Although you were employed, it is obvious you were spending much more than you were earning in maintaining your habit."  Although you now state that you do not have a drug problem, I have very little reason to believe there has been any substantial change in your addiction to drugs.

Your criminal history outweighs the positive factors set forth in the letter I received from your mother this morning pertaining to your financial assistance to your family.

You are not a good candidate for probation since you have now twice committed offenses while on either probation or parole.

According to the PSI[,] you have shown no remorse and[,] in fact[,] have denied the commission of these offenses to the probation officer.  However, at the sentencing hearing[,] you readily admitted

4

[you] committed these crimes.

At arriving at your sentence[,] I have taken into consideration all factors both aggravating and mitigating as set forth in the sentencing guidelines provided by R.S. [894.1].

I have concluded that[,] in view of your criminal history[,] the appropriate sentence for you is that you serve three (3) years with the Department of Corrections at hard labor on each count, running concurrently, and with credit for time served. Additionally, you are to pay a fine of $500.00 on each of the three (3) counts or total fines of $1,500.00 plus one (1) court cost.

You are hereby advised that pursuant to the provisions of Louisiana Code of Criminal Procedure Article 930.8, you must file [an] application for post conviction relief within two (2) years after the judgment of conviction and the sentence has become final under the applicable provisions of the law or the right to do so may be lost to you.

Thus, the trial court considered the facts of the case, the nature of the crime, the Defendant's past criminal record, the Defendant's drug addiction, the Defendant's work history, the Defendant's inability to be successful on probation, and the Defendant's failure to show remorse for his offenses. Hence, the record clearly indicates that the trial court particularized and individualized the penalty to the Defendant and to the offenses committed.

The defendant in *State v. Burge*, 498 So.2d 196 (La.App. 1 Cir. 1986), received a two-and-a-half year sentence for his conviction on attempted possession of Valium through means of fraud. In that case, the defendant complained that his sentence, as the maximum possible penalty, was excessive. In sentencing Burge, the trial court found that the defendant was classified as a second felony offender due to a prior felony drug conviction. The defendant received a suspended sentence for the first conviction, and he committed the attempted possession of Valium by fraud while on probation. In sentencing Burge to the maximum penalty, the trial court also considered Burge's several arrests for alcohol-related crimes and other controlled

dangerous substance offenses, as well as his arrest for disturbing the peace and simple battery subsequent to committing the attempted possession of Valium through fraud. The trial court held that the defendant needed correctional treatment and that a lesser sentence would deprecate the seriousness of the crime. Burge's maximum sentence was affirmed.

In *State v. Sewell*, 448 So.2d 755 (La.App. 2 Cir. 1984), the second circuit affirmed the maximum five-year sentence for possession of a controlled dangerous substance through fraud. In that case, the defendant was on probation for a prior felony conviction at the time he committed the offense, and the defendant was also charged with being a fugitive from justice following a probation violation. Sewell had four prior misdemeanor convictions, including a drug crime and an offense "against the person." The defendant additionally had four prior felony arrests, also including crimes "against the person," and another forged prescription accusation. The second circuit found no abuse of discretion by the trial court in sentencing Sewell to the maximum five-year sentence.

Considering the Defendant's criminal history of persistently committing crimes involving fraud, his record of being unable to successfully complete probation and parole, his being on parole at the time he committed the three instant offenses, and the penalties imposed for similar offenses, we do not find the Defendant's midrange sentences shocking to one's sense of justice. Further, we find that the Defendant's sentences make a meaningful contribution to acceptable penal goals. Accordingly, we find that the trial court did not abuse its discretion when it sentenced the Defendant.

## DISPOSITION

Defendant's sentences are affirmed in all respects.

**AFFIRMED.**