# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1225**

STATE OF LOUISIANA

VERSUS

DANIEL JAMES BROUSSARD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 117904
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney**
**J. N. Prather, Jr.**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Daniel James Broussard**

AMY, Judge.

The defendant was convicted of the unauthorized use of a motor vehicle. He was sentenced to serve seven years imprisonment at hard labor. The defendant now appeals, challenging the sufficiency of the evidence for his conviction. He also argues that the sentence imposed is excessive. For the following reasons, we affirm the defendant's conviction and sentence.

### Factual and Procedural Background

On June 19, 2007, Corporal Randall Leger of the Lafayette Police Department, took a report from Matt Braden concerning a stolen vehicle that was owned by Mr. Braden's friend, James Gillaspie. Corporal Leger communicated the information about the reportedly stolen vehicle to the police department, and the police dispatch communications department contacted the owner of the stolen vehicle to confirm that he owned the vehicle and wanted to file a stolen vehicle report. Corporal Leger entered information about that vehicle into the National Crime Information Center so that, if an officer anywhere in the United States ran the vehicle's license plate, the system would show that the vehicle was stolen.

Corporal Jason Herpin, an officer with the Lafayette Police Department's Action Unit, testified that on June 26, 2007, he was on patrol when he observed a tan Dodge Intrepid at a stop sign and recognized it as the make and model of the reportedly stolen vehicle. He stated that, as the vehicle turned at the stop sign, he observed "a black male wearing a black muscle shirt" driving the vehicle. Corporal Herpin then retrieved the license plate number off the vehicle, contacted another officer with that information, and learned that the vehicle was stolen. He radioed to other officers in the area with information about the direction the vehicle was traveling.

Corporal Tom Mercier testified that he received the call from Corporal Herpin and began to search for the vehicle. Within five to seven minutes of receiving that call, Corporal Mercier found the vehicle in the rear parking lot of a church. He further testified that when he pulled into the church parking lot and exited his police car, the defendant "quickly walked into the rear of a residence that butts up against the - - where the church is located at." When asked whether he observed the defendant go inside the residence, Corporal Mercier replied "Negative. In my opinion, it - - it appeared he walked to the back door. It appeared he - - like he was making it look like he was attempting to knock." He further testified that he made contact with the defendant, detained him, and escorted him to the area where the vehicle was located. By this time, Corporal Herpin arrived on the scene and identified the defendant as the driver he had seen in the stolen vehicle. The defendant told the officers he was driving a blue Dodge Intrepid, also parked in the lot, which was registered to him. Corporal Herpin testified that he grabbed the muffler of the blue vehicle, and it was cold. He stated that when he tried to grab the muffler of the tan vehicle, it was too hot for him to touch.

The defendant was arrested and later charged by bill of information with unauthorized use of a vehicle, a violation of La.R.S. 14:68.4. On June 23, 2009, a unanimous jury found the defendant guilty as charged. On September 22, 2009, the trial court sentenced the defendant to serve seven years imprisonment at hard labor.

The defendant now appeals, asserting that there is insufficient evidence to support his conviction because the owner of the vehicle never testified or swore under oath that the car was taken without his authority. He also argues that his sentence is excessive.

2

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

*Sufficiency of the Evidence*

The defendant argues the evidence was insufficient to prove his guilt beyond a reasonable doubt because the owner never testified or swore under oath that the vehicle was taken without his authority. The standard of review in a sufficiency of the evidence claim is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged." *State v. Leger*, 05-11, p. 91 (La. 7/10/06), 936 So.2d 108, 170, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279 (2007), *citing Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984). "The essential elements of the crime of unauthorized use of a motor vehicle, La.R.S. 14:68.4 are: (1) the intentional taking or use (2) of a motor vehicle (3) which belongs to another (4) without the other's consent or by fraud." *State v. Rios*, 44,132, p. 4 (La.App. 2 Cir. 4/8/09), 7 So.3d 832, 834. After a review of the record, we find that the evidence presented at trial was sufficient to support the jury's guilty verdict.

Corporal Leger received the stolen vehicle report from Matt Braden on June 20, 2007, almost a week prior to the defendant's arrest. He testified that James Gillaspie, the owner of the vehicle and friend of Mr. Braden, was contacted to confirm Mr. Braden's facts given in the report. Dispatch communications verified

3

the vehicle belonged to Mr. Gillaspie, and verified that Mr. Gillaspie wanted to file a stolen vehicle report. The defendant did not object to this testimony or controvert it in any manner. Hearsay evidence admitted without objection becomes substantive evidence. *State v. Allen*, 03-2418 (La. 6/29/05), 913 So.2d 788. Here, while Mr. Gillaspie himself did not testify, the undisputed testimony showed the unauthorized taking of his vehicle and, thus, provided evidence for the jury to consider.

The jury could also have relied on other evidence to reasonably find that the defendant was guilty beyond a reasonable doubt. According to Corporal Herpin's testimony, the defendant was dressed the same way as the man he saw in the stolen vehicle. While the defendant said he had been driving the blue Intrepid, Corporal Herpin testified that its muffler was cool. He explained that, on the other hand, the stolen vehicle's muffler was too hot to touch, which he concluded indicated "that the blue car hadn't been moved in a while and the tan had been - - was being driven by someone." Also, Corporal Herpin testified that after arresting the defendant and placing him in the back of his police car, the defendant asked him to turn off his cell phone. When he went to turn off the phone, Corporal Herpin observed the nickname "Double D" on the phone's screen. According to him, this nickname on the defendant's cell phone was the same nickname as that of a man reported to police to be driving the stolen vehicle the previous day.

Accordingly, we find that the evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt, and therefore, his conviction is affirmed.

This assignment lacks merit.

4

*Excessiveness of Sentence*

The defendant also argues that his sentence of seven years imprisonment at hard labor is excessive. Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to make or file a motion to reconsider his sentence within thirty days of imposition of the sentence. A defendant who fails to make or file such a motion is precluded from raising any objection to the sentence on appeal. *See* La.Code Crim.P. art. 881.2; *State v. Cornwell*, 08-44 (La.App. 3 Cir. 4/30/08), 982 So.2d 287. The defendant here did not make or file a motion to reconsider his sentence in the trial court. Nevertheless, we will review the defendant's argument as a bare claim of excessiveness. *State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

This court has set out a standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

At sentencing, the trial court indicated that it reviewed the factors of La.Code Crim.P. art. 894.1 and the pre-sentence investigation report. The record indicates that the trial court specifically reviewed the defendant's criminal history. The trial court noted the defendant had several prior felony convictions, including: distribution of counterfeit drugs, possession with intent to distribute cocaine, and driving while intoxicated. Further, the trial court noted that the defendant also had at least eleven misdemeanor convictions, had previously been placed on probation, and had that probation revoked. Also, on the day the defendant was sentenced in this case, he was additionally sentenced to six months in the parish jail for violation of a protective order and six months in the parish jail for resisting an officer. These sentences are to run concurrently with each other, but consecutively to the defendant's sentence in this case. He was also sentenced that same day to imprisonment at hard labor for three years, for the offense of simple escape, to run consecutively to all other sentences.

The defendant could have received a sentence of imprisonment with or without hard labor for up to ten years and/or a five thousand dollar fine. La.R.S. 14:68.4. The trial court sentenced the defendant to seven years imprisonment at hard labor which is in the mid to upper range of his possible sentence. While the defendant was not charged as a habitual offender, as a third felony offender, the defendant could have been subjected to imprisonment for as long as twenty years for this offense. *See* La.R.S. 14:68.4 and La.R.S. 15:529.1.

In light of these factors, we conclude that the defendant's sentence is not excessive. Accordingly, the defendant's sentence is affirmed.

This assignment lacks merit.

## DECREE

For the forgoing reasons, the defendant's conviction and sentence for the unauthorized use of a vehicle is affirmed.

**AFFIRMED.**